B. ROTH TOOL COMPANY, Appellant, v. CHAMP
SPRING COMPANY, Respondent.

St. Louis Court of Appeals, February 5, 1907.

1. **PRACTICE: Landlord and Tenant: Pleading Breach of Contract.** In an action by a tenant against his landlord for damages caused by the landlord's turning off the steam heat on the premises during the life of the lease, it was not error to strike out, on motion of the defendant, an allegation of notice to terminate the lease at a time after the damages were caused, that not being an essential allegation.

2. ———: ———: ———. Likewise it was not error to strike out allegations showing that the plaintiff attempted by reasonable effort to abate the damage, such not being essential allegations.

3. ———: **Third Petition: Motion to Strike Out.** Where, after two petitions had been adjudged insufficient on demurrer, a motion to strike out portions of the third amended petition was sustained, leaving sufficient allegations to constitute a cause of action, the plaintiff had a right to proceed to trial and it was error to dismiss his cause and assess treble damages under section 623, Revised Statutes of 1899; the provisions of sections 621 and 623 apply only when a motion or demurrer destroys the pleading.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

REVERSED AND REMANDED.

*Ed L. Gottschalk* for appellant.

Where part of a pleading is adjudged insufficient, but enough remains to constitute a good petition, the issue so remaining must be tried just as if the parts eliminated had never been embodied in the petition. Munford v. Keet, 154 Mo. 49.

*R. M. Nichols* for respondent.

Upon striking out parts of the third amended petition the court lost jurisdiction to proceed further in the case. The law declared in Munford v. Keet was stated with reference to the first answer filed. This rule could not prevail as to the third amended petition because it is violative of the plain meaning of Revised Statutes 1899, section 623, and contrary to the settled construction of this section both by the Supreme Court and the Court of Appeals. Beardslee v. Morgan, 73 Mo. 22; Sperlock v. Railroad, 93 Mo. 13; Gordon v. Burris, 125 Mo. 39; Barton v. Martin, 54 Mo. App. 134; State ex rel. v. Pohlman, 60 Mo. App. 44; Tapana v. Shoffray, 97 Mo. App. 345; Roth Tool Co. v. Champ Spring Co., 108 Mo. 618.

STATEMENT.—This appeal was prosecuted from a judgment dismissing plaintiff's cause of action and assessing treble costs against plaintiff. The judgment was entered after a motion filed by defendant to strike out portions of a third amended petition had been sustained. The petition alleges that plaintiff was the lessee by assignment from the original lessees, of certain premises in the city of St. Louis. The premises were occupied pursuant to a written lease executed by the defendant company to three men, who subsequently organized the plaintiff corporation which succeeded to their rights. It further alleges that the lease provided it might be terminated after June 15, 1898, by either party giving six months' notice in writing and also provided that the lessees, or their assigns, were to pay rent at the rate of $145 per month for the premises, including steam and power sufficient to run plaintiff's plant six days in the week; that the plaintiff paid the rent reserved to defendant, but on March 30th, defendant gave notice to plaintiff as follows:

"St. Louis, March 30, 1901.

"B. Roth Tool Company, City.

"Gentlemen: Our lease with you requires us to give you six months' notice in writing to terminate the lease. We therefore notify you that your present lease with us expires six months from this date, as we are in need of the place you occupy to enlarge our business.

"Please acknowledge receipt of this letter and oblige. Yours truly,

"CHAMP SPRING CO.,

"C. E. M. CHAMP, President."

The petition further alleges that after the giving of said notice and during the life of the lease "and before the expiration of the six months' notice provided in the lease, to-wit, September 15, 1901, defendant turned off the steam and water from the premises, and declined further to provide such steam or water; that said steam is used by this plaintiff for running its plant, consisting of large hammers, lathes, drills and other machinery, *which cannot be operated by hand power;* . . that plaintiff *was compelled to and did secure a mandatory injunction requiring defendant to furnish said steam, in compliance of which defendant again,* on September 30, 1901, furnished the steam;" that all rent reserved up to September 15, 1901, had been paid by plaintiff to defendant and all rent due since said date has been tendered. The petition further avers as follows:

"That plaintiff was unable to do work requiring the use of the two large steam hammers, and was therefore unable to complete contracts that had been given to it, by which plaintiff lost the sum of twelve hundred dollars, and was unable to do the work which was usually done on the small hammers, except with loss of profits (*for the reasons that it was compelled to employ additional men to do the work and the work took longer time to do by hand than by use of the steam hammer*), by

reason of which plaintiff's loss of profits were $15 per day, or a total of $150.

"*That plaintiff was unable to run the lathes, drills or other machinery without the use of the steam and was therefore compelled to and did put in a steam boiler at an expense of $200, and paid for coal the sum of $50.*

"That said expenses were necessary to avoid larger damages to arise and because plaintiff was unable to secure steam from any other source, and without the use of steam plaintiff's plant would have been useless, and great damages would ensue.

"That plaintiff's profits in said business were reduced by the failure of defendant's furnishing steam, the sum of $2,000.

"That the acts and deeds of defendant in turning off said steam were wanton and malicious and without any legal justification.

"Wherefore plaintiff prays judgment for said sum of $2,000 actual damages, and $3,000 punitive damages, and for costs of suit."

On motion of defendant the court struck out of the petition the notice to terminate the lease and the other portions of the petition which are italicized. Subsequently defendant filed a motion to dismiss the case and for treble costs and this was sustained.

GOODE, J. (after stating the facts).—We find no error was committed in striking out the notice to terminate the lease which, in fact, was irrelevant to the cause of action stated. Moreover, it was not the proper way to aver the giving of notice by defendant of an intention to terminate the lease. But the essential allegation in this connection is that, during the life of the lease and before the expiration of the six months' notice, defendant turned off the steam from the premises and declined further to provide it. That was a sufficient averment of the breach of the contract without including

the notice, which, indeed, hardly strengthened the aver-
ment.

The allegation regarding plaintiff's compelling de-
fendant to furnish steam again by a mandatory injunc-
tion was improper, and the entire paragraph regarding
it might have been stricken out. But defendant, in deal-
ing with that paragraph in its motion, moved to strike
out only the italicized words, and by striking them out
it left an averment that plaintiff, on September 30, 1901,
furnished steam, evidently an averment never intended
by the plaintiff. If the entire paragraph had been struck
out, or these words left: "that defendant again on Sep-
tember 30, 1901, furnished steam;" the averment would
then have been consistent with the fact plaintiff wished
to allege.

There are allegations regarding the employment of
additional men and the putting in of the steam boiler,
which plaintiff says it was forced to do in consequence
of defendant's breach of the covenant.

Those matters were not vital allegations because
there was a good plea of damage without them. We sup-
pose they were inserted on the theory that it was plain-
tiff's duty to abate the damages as soon as was possible
by reasonable effort. Still, as they were non-essential
it can hardly be said the court committed error in strik-
ing them out.

Granting that some portions of the petition were
rightly expunged, the question is whether the court was
justified in dismissing plaintiff's case and assessing
treble damages against it. The petition still states a
good cause of action without those parts which are
stricken out. This is not contested by defendant's coun-
sel, whose insistence is that, as the petition was the third
amended one and two prior petitions had been adjudged
insufficient on demurrer or motion to strike out, the only
course for the court to follow was to dismiss the case
and enter judgment for treble damages. As authority

for such proceeding, section 623 of the Revised Statutes was invoked, which says:

"If a third petition, answer or reply be filed or adjudged insufficient as above [i. e., as provided in preceding sections, on demurrer], or the whole or some part thereof be stricken out, the party filing such pleading, shall pay treble costs and no further petition, answer or reply shall be filed, but judgment shall be rendered." The language of that section, literally taken, would support defendant's position. By such a construction, a successful motion to strike out any part, however trivial, of a third amended petition, when two previous ones had been adjudged insufficient on demurrer or motion to strike out, would be ground for dismissing the cause and entering judgment for treble costs. The precise question in hand has not been passed on, as far as we know, by an appellate court of this State. But in Mumford v. Keet, 154 Mo. 36, 55 S. W. 271, section 621 was construed. Said section provides that when a petition, answer or reply shall be adjudged insufficient on demurrer, or the whole or some part thereof stricken out on motion, the party may file a further and like pleading within such time as the court shall direct; and in default thereof the court shall proceed in the same manner as if no such original pleading had been filed. In the case just cited, portions of the answer were stricken out on motion. The defendant saved an exception and asked to be permitted to go to trial on the remaining portions of the answer, which stated a good defense; but the trial court ruled that an amended answer must be filed. The defendant having refused to comply with this ruling, the court proceeded as if no original answer had been filed, entering an interlocutory judgment by default and afterwards tried the case *ex parte*. A majority of this court sustained that ruling, but the case having been certified to the Supreme Court by the dissenting member, the judgment was reversed by the latter tribunal.

The Supreme Court held that section 621 does not justify a trial court in proceeding as if no pleading has been filed, merely because one has been adjudged insufficient *in part* on demurrer or motion to strike out, and the party has refused to file another; that such course can be taken only in case the pleading attacked states no cause of action or defense after a part has been stricken out. The court said: "It was intended by section 2066 [R. S. 1889, which is sec. 621, R. S. 1899] to provide that if the whole of a petition, or answer, or reply was adjudged insufficient, the party should amend the whole pleading or judgment should go against him; and if only one count of a petition, or one defense in an answer or reply was adjudged insufficient, the party should amend such count or defense or judgment should go against him as to such count or defense only, but it was never intended that when only one cause of action or one defense was adjudged insufficient, other causes of action or defenses contained in the pleading should be thrown out of court without a hearing, unless the party amended so as to omit the matters adjudged insufficient." It is apparent the Supreme Court held the meaning of section 621, in regard to the circuit court proceeding as if no pleading had been filed after one had been adjudged insufficient on motion to strike out or on demurrer, is that such course is only allowable when sustaining the motion or demurrer destroys the pleading; in other words, when no cause of action or defense remains after a ruling adverse to the pleading has been made. It looks to us like that decision is applicable by analogy to section 623 and compels us to rule that, as plaintiff's third amended petition stated a cause of action after defendant's motion to strike out portions of it had been sustained, he was entitled to go to trial on what was left of his petition. As the petition was not adjudged insufficient as a whole, and the portions at-

122 App—39

tacked by the motion might be omitted from it and still leave a cause of action, the case was improperly dismissed. This seems to be the rule established in Mumford v. Keet.

The judgment is reversed and the cause remanded. All concur.