ROBINSON & COMPANY, Appellants, v. DANIEL LIGON, Respondent.

St. Louis Court of Appeals.   Argued and Submitted December 9, 1909.   Opinion Filed January 18, 1910.

1. EQUITY: Rescission: Cancellation of Note and Mortgage. In an action to replevy mortgaged property, a plea in the answer that the consideration for the notes the mortgage was given to secure had failed and demanding that the notes and mortgage be cancelled should be tried on the equity side of the court.

2. CONTRACTS: Written Contracts: Prior Negotiations Merged in. Where no fraud is charged in connection with the obtaining or execution of written orders of purchase, all previous understandings or arrangements between the parties or their agents are merged in the contracts.

3. ———: Evidence: Written Contract: Admissibility of Catalog. In replevin for machinery sold under written orders of purchase, a catalog describing the machinery was properly admitted in evidence as part of the sale contract.

4. ———: ———: ———: Parol Evidence Inadmissible. In replevin for machinery sold under written orders of purchase, parol evidence as to representations or warranties or other matters outside the sale order was inadmissible.

5. ———: Sales: Defect in Goods Sold: Warranties: Discovery of Breach.   In replevin to recover machinery sold under written orders of purchase, where defendant pleaded that defects in the machinery had been fraudulently concealed, and that he did not discover them until long after the time specified in the contract for making reclamation on account thereof, an objection that defendant was concluded by the express warranty in the contract, and that he could not avail himself of the breach of it until he had complied with it on his part, was properly overruled.

Robinson & Co. v. Ligon.

Appeal from Lewis Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

REVERSED AND REMANDED.

*R. W. Ray* for appellant.

(1) The court erred in overruling plaintiff's motion to have this cause tried as one in equity. Allen v. Logan, 96 Mo. 591; Swan v. Stevens, 143 Mo. 384; Dunn v. McCoy, 150 Mo. 548; Courtney v. Blackwell, 150 Mo. 245; Martin v. Turnbaugh, 153 Mo. 172; Beland v. Brewing Assn., 157 Mo. 593. (2) The court erred in admitting illegal evidence. The court erred in permitting defendant, over the objections of plaintiff, to contradict and vary by oral testimony the complete written contracts, which he admitted he had executed and delivered to plaintiff, by which the machinery in controversy was sold to him by plaintiff. Tracy v. Iron Works, 104 Mo. 193; 1 Greenleaf, Ev. (16 Ed.), sec. 275; Const. Co. v. Tie Co., 185 Mo. 25; Bunce v. Beck, 43 Mo. 266; Fireproofing Co. v. St. L. F. Co., 177 Mo. 572; County of Johnson v. Wood, 84 Mo. 489; Nichols-Shepard & Co. v. Rhoadman, 112 Mo. App. 299; Nichols-Shepard & Co. v. Larkin, 79 Mo. 267; Brown v. Russell & Co., 105 Ind. 46.

*Jerry M. Jeffries* for respondent.

A parol contemporaneous agreement, independent of and not inconsistent with the one put in writing, or if only a part of the contract was put in writing, then such could be proved by parol evidence. Brown v. Bowen, 90 Mo. 190; Lumber Co. v. Warner, 93 Mo. 384; Greening v. Steele, 122 Mo. 287; Thompson v. Allen, 42 Mo. App. 403; Moss v. Green, 41 Mo. 389; Ellis v. Bray, 79 Mo. 227; Norton v. Bohart, 105 Mo. 633; Broughton v. Null, 56 Mo. App. 231.

STATEMENT.—This is an action in replevin to recover the possession of certain farm machinery, consisting of a traction engine, wind stacker and saw mill and appliances. The writ being issued, defendant executed a retaining bond and kept possession of the property. In the answer upon which the case was tried, which was the third amended answer, after a general denial of the right of possession of the property in plaintiff or of plaintiff's right to recover, this answer sets up as a second defense that plaintiff is a corporation organized under the laws of the State of Indiana and not authorized to do business in the State of Missouri. This was abandoned at the trial. As a third defense it is averred that the plaintiff company is a member of a pool, trust and combination in violation of the laws of this State against formation of pools, trusts and combinations. This was not sustained and was taken from the jury by an instruction of the court. As the fourth and substantial defense on the merits, the answer sets up that defendant purchased a complete threshing outfit for which he was to pay $2042.50, the payments evidenced by notes of various dates and amounts; that he gave the notes before the property was shipped to him and before he was in possession of it; that he bought the saw mill of plaintiff "complete as described in catalogue and was to pay plaintiff $465 therefor," and for which payments he gave notes of various amounts payable at different dates, and that at the time of the sale of the threshing outfit, "plaintiff by its agents falsely and fraudulently represented to defendant that said machinery was new and complete; that it was up-to-date machinery with all of plaintiff's latest improvements; that same was free from flaws and defects of every kind and that it was one complete threshing outfit; that in truth and fact it was not of the make or pattern and did not have the improvements of the machinery represented to him by plaintiff's agents," setting out the various alleged defects and variances and that parts

of the machinery were second hand, worn machinery and the worn out parts replaced by parts that did not fit; that the notes were given in reliance upon the representations of plaintiff and its agents and defendant not being acquainted with the mechanism and its defects being latent and hidden and of a nature and character known to plaintiff and its agent but not to be seen and known by an inexperienced person like defendant, and that defendant did not discover the defects until sometime after its delivery to him. Practically the same averments as to defects in the saw mill are also set up and it is claimed that the machinery was not worth to exceed $375, and it is averred that in ignorance of the defects, defendant has taken up notes given on the machinery to the amount of $1142.50 and paid interest to the amount of $41.25, and that the consideration of the notes has failed in the sum of $1532.52, and that defendant is damaged by the false and fraudulent representations made to him and by excessive payments made in the sum of $172.50, and he asks that the notes be declared satisfied and that defendant have judgment against plaintiff for the sum of $172.50 and costs.

The reply, after a general denial of the new matter, and attacking as unconstitutional the law of Missouri requiring plaintiff as a foreign corporation to take out a license to do business in this State, and denying that plaintiff is in an unlawful pool or trust, sets up, as to the fourth defense, a specific denial of defects set up and avers the purchase of all of the machinery under contracts signed by both parties by which contracts it was specifically provided that no agent or any person representing plaintiff had any power to alter the terms of the contract. It is also set up that the notes were secured by a chattel mortgage on the machinery. It denies specifically that the saw mill sold was represented or warranted by plaintiff to defendant as alleged

and sets up that it was purchased under a written contract which it pleads.

It is not necessary in the view we take of the case to set up the pleadings any further.

When the case was called for trial plaintiff demanded that it be tried by the court as a case in equity as to the fourth defense of the answer and that the issue of that defense be tried separately from the issues presented by the other three defenses. This was overruled and the case tried before the court and a jury. At the trial plaintiff on its part introduced in evidence what are called "orders for machinery," signed by defendant and accepted and approved by plaintiff, covering the machinery in dispute. While defendant was under examination as a witness in his own behalf he was asked if he had seen or read what purported to be an order of contract for the goods he had purchased from Robinson & Company, and asked whether or not that writing contained all the terms of the contract that he made. This was objected to on the ground that it was not plead in the answer that there was any change or alteration made in the contract since defendant had executed it, and no charge that any fraud or deceit was practiced on him in the execution of the instrument; that the contract is plain and simple and it cannot be contradicted by parol evidence, and further that the statute of frauds required a contract of this kind to be in writing and it could not be varied by oral testimony. This objection was overruled by the court, plaintiff duly excepting, and defendant was permitted to testify as to what the contents of the contract were. Further objection was made to the defendant testifying on this line in attempting to vary or explain the contract, on the ground that the contract shows upon its face that it was made in the State of Indiana; that it shows upon its face that the goods were sold by an express warranty contained in the contract and that the warranties contained in the contract

were the only warranties on the machinery described therein, which is the machinery in controversy; that said warranty was a conditional warranty of which defendant could not avail himself until he had complied with it on his part, with what said warranty required him to do in case he claimed a breach of said warranty. This objection was overruled, plaintiff duly excepting.

The defendant then offered in evidence a catalogue which was objected to on the grounds above stated, the objection overruled and the catalogue admitted in evidence. Defendant then in course of his testimony stated that his understanding was that he was to get new goods, of 1903 make, and testified as to what the size of the separator was to be, and testified that he had used the catalogue when he was making the contract and had been governed by that, and he also testified that the goods he was buying or contracted for were selected as represented in the catalogue and that this was all talked over before he signed the contract. Objection was then made to all this line of testimony because the contract itself, being a written instrument, is the best evidence of what was agreed upon and the only evidence. This objection was overruled and plaintiff duly excepted.

The jury returned a verdict that at the institution of the suit defendant was entitled to the possession of the property described in the petition, and judgment followed, together with a judgment for costs in favor of the defendant. Motion for new trial was duly filed, overruled, exception saved and appeal perfected to this court by the plaintiff.

REYNOLDS, P. J. (after stating the facts).— As the case will have to be remanded, it is unnecessary to pass on the action of the court in overruling plaintiff's motion to try the issues involved in the fourth count of the answer, that is, the issue as to the consideration of the notes having failed and which demanded

a surrender and cancellation of the notes, as this point can easily be done away with and the objection obviated by the defendant striking out from its third amended answer the claim for affirmative relief involved in the cancellation of the notes which is all that it is claimed puts the case on the equity side of the court. If the defendant desires to so amend its third amended answer by doing this, the court should allow it to be done. To avoid any question as to the right to so amend, we refer to what we have held in B. Roth Tool Co. v. Champ Spring Co., 122 Mo. App. 603, 99 S. W. 827; same case, 146 Mo. App. 1, 123 S. W. 513. Of course if the defendant insists on a demand for a cancellation of mortgages and notes, which can only be done in equity, the cause should, as to this fourth count, be tried as in equity and not at law.

The only errors necessary to be noted in reversing the judgment in the case are those to which attention has been directed in the statement of the case, namely, in allowing the defendant to testify as to his understanding in connection with the purchase of the machinery. It was purchased beyond question under the two orders referred to and as there is no fraud whatever charged in connection with the obtaining or execution of these contracts or orders of purchase in the first place, all previous understandings or arrangements between defendant and plaintiff or any of its agents are merged in the contracts. The sole question for determination in this case is whether or not the articles purchased are of the kind and quality as set up in the contracts or orders of purchase, the failure of consideration for the notes, if any, and whatever defenses the defendant may have in the case must be founded upon failure of the plaintiff to carry out and perform these contracts. As part of the sale contract, the catalogue was properly in evidence, but any parol evidence as to the representations or warrants is inadmissible. All the oral testimony that was admitted in an attempt

to go outside of the sales orders was improperly admitted. The objection that the defendant was concluded by the express warranty contained in the contract and that he could not avail himself of the breach of it until he had complied with it on his part was under the pleadings properly overruled. The plea was that the defects complained of had been fraudulently concealed from defendant and that he did not discover them until long after the time specified in the contract for making reclamation on account thereof. The plaintiff was, therefore, not entitled to the instruction which it asked, practically directing a verdict for it.

Referring to the instructions, we remark that they are too voluminous and of a character tending to confuse any jury. We do not comment on them in detail as if the case is retried they may not be pertinent, any further than to say, as above, that the one asked practically directing a verdict for plaintiff, was properly refused.

We will add here that there is a mass of irrelevant matter in the so-called abstract that must not appear if the case is again brought to this court. The thirty or more pages setting out the motion to try the cause as one in equity has no place whatever in the abstract. All that was necessary to save this point could have been condensed into one page at the outside.

For the errors above set out, the judgment in the case is reversed and the cause remanded. All concur.