Thompson v. Wooldridge.

102    505
48a  361
102    505
54a  425
102   505
77a  517

THOMPSON v. WOOLDRIDGE *et al.*, *Appellants.*

DIVISION ONE.

1. **Practice:** REPLY : WAIVER. Failure to file a reply putting in issue the new matter of the answer cannot be taken advantage of on appeal, where the cause was tried as though the reply had been filed.

2. **Innocent Purchaser:** EQUITY : NOTICE. One who bought and paid for land, receiving a general warranty deed therefor, whose grantor afterward induced the holder of the legal title to also

convey to such purchaser, thereby making the first grantor's warranty good, took the legal title free from an equity known to both grantors, but of which he had no notice.

3. **Deed**: BARGAIN AND SALE: WARRANTY. A deed of bargain and sale, containing a warranty to the grantee and his heirs "against the claim or claims of any person or persons whatsoever" will pass the record title of the grantor to the grantee, in the absence of any notice by the grantee of any limitations on its apparent effect.

4. **Appellate Practice**: REVERSAL OF JUDGMENT. The judgment of the trial court will not be reversed, unless it is made to affirmatively appear that error was committed on the trial.

*Appeal from Newton Circuit Court.*—HON. M. G. MCGREGOR, Judge.

AFFIRMED.

THIS is an action of ejectment for two tracts of land. As to the first the finding and judgment of the circuit court were for defendants and no steps were taken on plaintiff's part to review them. As to the second tract the judgment was for plaintiff. Defendants appealed therefrom after the customary preliminaries.

The petition was in the ordinary form in ejectment.

The answer admitted possession, denied plaintiff's title, and then set up the following facts as a separate defense, viz.: "That, in 1856, one A. H. Brown at the sale" ( of the land in dispute) "by the sheriff of Newton county, Missouri, as school land, bid the same off; that said A. H. Brown then and there agreed with one John P. Fulkerson that he, the said Fulkerson, should take said land above described at the bid which said Brown had made therefor, and that said Fulkerson did, at the time of said sale, or very soon thereafter, execute his note or bond to Newton county, with one Harmon and said Brown as securities thereon, for the use of said township 25, of range 29, for the purchase

price of said land amounting to $53.54 ; that afterwards, to-wit, on the twenty-third day of March, 1859, said Fulkerson conveyed said forty acres of land to defendants, by warranty deed, and as a part of the consideration therefor defendants agreed to pay the note or bond given by said Fulkerson as aforesaid for said forty acres of land ; that defendants took possession of said land under said deed at once, and put valuable improvements thereon and that they afterwards on the ninth day of April, 1866, through John P. Osborn, paid off said note or bond ; that, although the patent to said forty acres of land was issued by the state of Missouri to A. H. Brown, the said Brown paid nothing therefor ; that the only title plaintiff has to said forty is a deed from said Brown to him, and that he paid no consideration therefor, and that the same is a fraud upon the rights of defendants, and that in equity they are the owners thereof as against plaintiff ; that plaintiff took said deed from said Brown with full notice of all defendants' rights. The defendants, therefore, pray the court to divest out of plaintiff all right, title or interest which he may have in said forty acres, and that the same be vested in defendants, and for all other relief to which they may be entitled.

To this answer plaintiff filed no replication. At the trial before the court without a jury, plaintiff traced his title thus :

*First.* Deed with general statutory covenants of warranty, from John P. Osborn and wife, to plaintiff for the tract in question, dated January 4, 1864, recorded February 10, 1864 ; consideration paid, $1,150.

*Second.* Patent from the state of Missouri to A. H. Brown for the same tract as school lands dated October 13, 1866, recorded January 14, 1876 ; consideration, $1.25 per acre.

*Third.* Deed from A. H. Brown to plaintiff for same land using for transfer the words "bargain and

sell, convey and relinquish," and containing a warranty of the title to the grantee, dated January 1, 1868, recorded January 22, 1868; consideration, $200.

The defendants' chain of title began with a deed of general covenants (covering this land) from J. P. Fulkerson and wife to defendants, dated March 22, 1859, recorded July 21, 1859; consideration, $450.

They then offered evidence tending to show that Brown had bid in the land and then transferred his bid to Fulkerson (grantor in the deed just mentioned) as stated in the answer, and that defendants had paid the full purchase money to the county through Osborn; and also payment of taxes for a number of years by defendants.

It further appeared that defendants were in possession of the land before the Civil War, but abandoned it during that period. Since then each party had paid taxes at various times upon it.

The evidence was conflicting as to the period of defendants' present possession of the tract. It showed, however, that the deed of Brown to plaintiff was made at the request of Osborn, was delivered to the latter, and that the former received no part of the consideration therein recited; that Osborn knew then the exact condition of the title as disclosed by the foregoing facts.

There was no evidence that plaintiff had knowledge of the facts stated in defendants' answer, or of any claim of the latter prior to the conveyance to him of the legal title by Brown. No declarations of law were asked or made.

The other material facts are stated in the opinion.

*O. L. Cravens* for appellants.

(1) Plaintiff was not an innocent purchaser from Brown. He was fully advised as to the rights of defendants. The knowledge of Osborn was notice to him. 1

Wait's Act. & Def., sec. 11, p. 231 ; 1 Story's Equity, sec. 408; Wade on Notice, 10, 672, 679, 680, 685 ; Whart. Agency, sec. 117 ; *Hayward v. Ins. Co.*, 52 Mo. 181 ; Story's Agency, sec. 140; *Kearney v. Vaughn*, 50 Mo. 284 ; *Foster v. Holbest*, 55 Mo. 22 ; *Meier v. Blume*, 80 Mo. 179 ; *Mason v. Black*, 87 Mo. 329. ( 2 ) Plaintiff claims under quitclaim deed from Brown, paid nothing for the land, and cannot be an innocent purchaser. *Ridgway v. Holliday*, 59 Mo: 444 ; *Stoffel v. Shroeder*, 62 Mo. 147 ; *Campbell v. Gaslight Co.*, 84 Mo. 352 ; *Widdicombe v. Childers*, 84 Mo. 382 ; *Swisher v. Sensenderfer*, 84 Mo. 104; *Sensenderfer v. Kemp*, 83 Mo. 581 ; *Stivers v. Horne*, 62 Mo. 473 ; *Mann v. Best*, 62 Mo. 491 ; *Mason v. Black*, 87 Mo. 329 ; *Schradski v. Albright*, 93 Mo. 42. ( 3 ) Defendants were entitled to a finding and judgment in their favor, by reason of their asserted claim and possession from March, 1859, until this suit was brought. ( 4 ) From the facts and circumstances as shown by the record a decree should be given defendants in this court. 87 Mo. 347 ; 84 Mo. 403 ; and authorities cited.

*Goode & Cravens* for respondent.

( 1 ) The case was tried by the court and both parties as though a replication had been filed. And no point was made by the defendants at that time that no replication was in, and it is therefore too late for them to raise the question in this court. *Henslee v. Cannefax*, 49 Mo. 295 ; *Meader v. Malcolm*, 78 Mo. 550. ( 2 ) The plaintiff proved the legal title to the southeast quarter of the northwest quarter to be vested in him, and he was therefore clearly entitled to judgment as to that forty, which is all the land involved in this appeal. *Ford v. French*, 72 Mo. 250 ; *Clarkson v. Stanchfield*, 57 Mo. 573 ; *Chapman v. Dougherty*, 87 Mo. 617. ( 3 ) The alleged equity of the defendants was not made out. It is clear that, whatever may be said in support of the defendants' equitable claim as between defendants and

Osborn and Brown, the plaintiff was nevertheless an innocent purchaser of the land for a valuable consideration and without notice of any outstanding equity. *Lionberger v. Baker*, 88 Mo. 447 ; *Odle v. Odle*, 73 Mo. 289. (4) Osborn, having sold and conveyed the land by warranty deed to plaintiff, was bound under his covenants to perfect the title in plaintiff, and when he did this some years afterwards by procuring the deed from Brown as patentee, directly to plaintiff, he was in no sense acting as agent for the plaintiff. Osborn was in no sense the agent of the plaintiff. *Norfleet v. Russell*, 64 Mo. 176 ; *Smith v. Washington*, 88 Mo. 475. (5) The fact that the plaintiff paid Brown nothing for the deed is of no force, when it is remembered that he had already paid Osborn the full consideration for the land. There is not a syllable of testimony tending to show that the plaintiff had any knowledge whatever that the defendants had any claim whatever upon the land at the date of his purchase from Osborn, or even at the time of Brown's conveyance to him ; he is, therefore, in all respects an innocent purchaser and entitled to protection.

BARCLAY, J.—The case was heard in the circuit court as if a replication had been filed, denying the new matter in the answer, though none was in fact of record.

When parties have thus tried and submitted a cause it is too late to claim that there was no issue to try. It is unnecessary to extend reasons for this rule in view of the repeated decisions on the subject. *Smith v. St. Joseph* (1870), 45 Mo. 449 ; *Henslee v. Cannefax*, (1872), 49 Mo. 295 ; *Howell v. Reynolds County* (1872), 51 Mo. 154 ; *Meader v. Malcolm* (1883), 78 Mo. 550 ; *Heath v. Goslin* (1883), 80 Mo. 310.

II. There was no evidence justifying an inference that plaintiff had notice of any of the facts on which defendants' supposed equitable title stated in the answer depends. Osborn conveyed the land to plaintiff in 1864

for $1,150, by deed of general warranty, and afterwards obtained from Brown (the patentee) the conveyance by which his (Osborn's) warranty of title to plaintiff was made good. The testimony does not prove that he was acting as agent for plaintiff in so doing. He was, in fact, agent for defendant in respect to the land, and the mere fact of his procuring a conveyance of the legal title from Brown to plaintiff, in the circumstances here shown, does not establish such agency for plaintiff.

The deed by Brown to plaintiff was one of bargain and sale and contained a warranty to the grantee and his heirs "against the claim or claims of any person or persons whatsoever." It operated to pass the record title of Brown to plaintiff, in the absence of any notice by the latter of any limitations on its apparent effect. *Munson v. Ensor* (1887), 94 Mo. 504. The deed of Fulkerson to defendant, in 1859, even were it entitled to be considered on the question of notice to plaintiff of defendant's equity gives no intimation of any connection with, or relation to, the title of Brown.

We, therefore, see no sufficient reason for disturbing the finding, implied by the result reached in the trial court, that plaintiff was an innocent grantee so far as concerns any equities which defendants might have asserted against Brown.

III. The evidence respecting the acts and claims of plaintiff and defendant respectively to ownership by virtue of mere possession of the land, and as to the duration of such possession, was conflicting, and, as no instructions were given or refused on the subject, we cannot discern any error in the finding of the circuit court thereon. At least none has been made to affirmatively appear, as would be essential to a reversal of its judgment on that branch of the case.

We, therefore, agree to affirm it; all the judges of this division concurring.