## ELLA TATE, Appellant, v WABASH RAILROAD, COMPANY, Respondent.

### Kansas City Court of Appeals, May 4, 1908.

1. **PLEADING: Answer: Contract: Reply.** Where a petition does not seek to set aside a contract of settlement but to enforce a contemporaneous parol agreement for an additional consideration and the answer sets up the written contract, a mere general denial unverified admits the execution of the instrument pleaded.

2. **————: ————: Exhibit: Reply: Instruction.** A contract attached to an answer as an exhibit is no part of the pleading, but where the pleading fully sets out the conditions of the contract, in considering the effect of the pleading reference may, as a matter of convenience be had to the attached contract.

3. **CONTRACTS: Consideration: Construction: Release.** A mere statement or recital of a consideration in a release contract is open to explanation by parol evidence, but where the language of the instrument bespeaks the intention to treat the consideration as a contractual subject, it is no more to be altered or varied by parol evidence than any other essential element in the contract; and a contract set out in the opinion is held to be of the latter class. [Cases considered and distinguished.] **ELLISON, J.,** concurring in separate opinion.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

**AFFIRMED.**

*John T. Barker* for appellant.

(1)   The release pleaded by respondent is not conclusive of appellant's rights, the consideration therein recited is subject to explanation by parol testimony. Harrington v. Railroad, 60 Mo. App. 223; Stewart v. Railroad, 141 Ind. 55, 40 N. E. 67; Dolan v. Penn Co., 6 Ind. App. 109, 32 N. E. 802; Smith v. Railroad (Tex.), 82 S. W 788; Heath v. Railroad, 29 Ind. App. 401; Hobbs v. Electric Co., 75 Mich. 550; Houlihan v. Railroad (Ind.), 54 L. R. A. 787; Windsor v. Railroad (Wash.), 79 Pac. 613; Fire Assn. v. Wickham, 141 U. S. 564; Ireland v. Spickard, 95 Mo. App. 53; Bales v. Church, 124 Mo. App. 22; Winter v. Railroad, 160 Mo. 183; Sawyer v. Walker, 204 Mo. 159; Davis v. Gann, 63 Mo. App. 425.   (2)   An additional consideration than that recited in a deed may always be shown by parol testimony.   Bales v. Church, 124 Mo. App. 22; Bank v. Admr., 80 Mo. 199; Edward v. Latimer, 183 Mo. 626; Langan v. Iverson, 80 N. W. 1051; Windsor v. Railroad, 79 Pac. 613; Applegate v. Kilgore, 91 S. W. 238; Newenberger v. Lehenbauer (Ky.), 66 S. W. 15; Lowry v. Downey, 150 Ind. 364.   (3)   Where the recited consideration in a contract is money, then parol testimony is always admissible to show an additional or other consideration.   Anderman v. Meier, 91 Minn. 413, 98 N. W. 327; Walter v. Dearing (Tex.), 65 S. W. 380; Womack v. Wamble, 7 Tex. Civ. App. 273; 27 S. W. 154; Pickett v. Green, 120 Ind. 584.   (4)   The release attached to the answer, not having been offered in evidence, was not before the court.   An exhibit must be put in evidence.   State to use v. Crum, 157 Mo. 545; Cement Co. v. Wind, 86 Mo. App. 163.

*J. L. Minnis* and *Guthrie & Franklin* for respondent.

(1)   The release pleaded in defendant's answer is contractual, both in letter and spirit, purporting to be a full and complete adjustment of the right of respective parties thereto, and cannot be changed or modified by parol testimony.   Jackson v. Railroad, 54 Mo. App. 636.   The decision of this court in the above case seems to be controlling on the question.   Davis v. Gahn, 63 Mo. App. 425; Melvill v. Hughes, 104 Mo. App. 455; Harrington v. Railroad, 60 Mo. App. 223; See v. Malone, 107 Mo. App. 721; Culbertson v. Young, 86 Mo. App. 277.   (2)   The contract of release pleaded in defendant's answer, is binding and conclusive, of the rights of the parties hereto and a bar to further legal action, until set aside for fraud, accident or mistake.   R. S. 1899, ch. 8, sec. 654; Rowland v. Railroad, 124 Mo. App. 605; State ex rel. v. Stuart, 102 Mo. App. 26; Edward v. Latimer, 183 Mo. 610; Wojtylak v. Coal Co., 188 Mo. 260; Jackson v. Railroad, 54 Mo. App. 636; Davis v. Gahn, 63 Mo. App. 425.

JOHNSON, J.—Plaintiff alleges in her petition that on September 6, 1904, she was injured while a passenger on one of defendant's trains, by the derailment of the coach in which she was riding; that in October, afterward, she entered into a contract with defendant by the terms of which, in part consideration for and release and satisfaction of her claim for damages, defendant agreed to provide her and her family, during her natural life, with free transportation over its railroad system; that defendant did furnish such transportation until July, 1907, when it notified plaintiff of its intention not to comply with the agreement in the future and that it thereafter refused the request of plaintiff for such free transportation.   The amount of

the damage sustained in consequence of the discontinuance of the service is placed at four thousand dollars, for which sum judgment is prayed.

The answer pleads a written contract of settlement duly executed by plaintiff which by its terms provided for the full satisfaction of the plaintiff's demand on the sole consideration of the payment of $5,800 in money. The reply is a general denial. At the trial, defendant objected to the introduction of any evidence on the grounds (1) that the petition does not state a cause of action and (2) because the pleadings show an absolute and conclusive adjustment and final settlement of the matter in dispute between the plaintiff and defendant; that the answer and release pleaded is a valid, binding and complete release and satisfaction of the entire matter in dispute or involved in this suit, and that the release and answer is traversed by no competent reply. The objection was sustained. Plaintiff took a nonsuit with leave to move to set the same aside and in due course of procedure brought the case here by appeal.

We think the effect of plaintiff's failure to deny under oath in her reply the execution of the written contract pleaded in the answer was to admit the execution of that instrument. The contract is attached to the answer as an exhibit and, while it is true, as plaintiff contends, that an exhibit attached to a pleading is no part of the pleading, and, until introduced in evidence should not be considered as being before the court, still we find that all of the contractual elements embodied in the instrument are sufficiently stated in the answer for us to refer, as a matter of convenience, to the instrument itself for a clear and concise statement of its terms. The contract is as follows:

"I hereby agree to accept, and do accept, of the Wabash Railroad Company, the sum of five thousand eight hundred dollars, as evidenced by my signature

to the receipt annexed, in full satisfaction, release and discharge of all claims for damages that I now have, or may hereafter have against said company on account of personal injuries received by me in wreck of train No. 20, near Warrenton, Mo., also loss of time for services, etc., on the lines of the Wabash railroad, on or about the 6th day of September, A. D. 1904, and also in full of all claims whatsoever for loss or damage to personal property in consequence of said accident.    And it is further expressly agreed that in case suit has been instituted for said claim said suit shall be dismissed at the cost of No Suit and said company forever discharged from all liability growing out of said injuries.

$5,800.00

"Received Jan. 5, 1905, from the Wabash Railroad Company, the sum of five thousand eight hundred dollars, in full for the above settlement as per agreement recited.

ELLA TATE,    (Seal).
J. T. TATE,    (Seal)."

The object of the action is not to set aside the contract of settlement on account of duress, fraud or mistake, but to enforce a parol agreement alleged to have been made contemporaneously with the agreement reduced to writing and signed by the plaintiff.    It is the contention of plaintiff that by the terms of the actual contract she made with defendant, she was to receive $5,800 in cash and the transportation in controversy and that, since the only consideration expressed in the written contract is a sum of money, the provision for its payment should not be considered as contractual and, therefore, that the real consideration may be proved by parol and that the part of it which rests solely on the oral agreement will support a cause of action in her favor.

Where the statement of the consideration appears

in a written deed or contract as a mere recital of a fact, it is open to explanation by parol evidence, but where the language employed in the written instrument bespeaks the intention of the parties to treat the consideration as a contractual subject, the party afterward complaining no more is entitled to alter or vary such stipulation by parol evidence than he would be to change any of the other essential elements of the contract.    It matters not that the expressed consideration be money or some other species of property, the real intention of the parties to be collected from   the four corners of the written contract is the test to be applied.    The mere recital in the instrument of the amount of the money consideration or an acknowledgment of the receipt of the money does not, of itself, evidence an intention to treat the amount of the consideration as one of the binding stipulations of the contract, but where, in addition to such recital or acknowledgment, terms are inserted which show a purpose to dispose, in the instrument, of the question of the amount and nature of the consideration, the subject must be held to have been regarded by the parties themselves as contractual.

In Jackson v. Railroad, 54 Mo. App. 1. c. 645, we said:    "But when this common form of expression thus reciting a sum of money, the medium of exchange which is generally used as the consideration, is departed from and an unusual provision is inserted, thereby evidencing a contractual intention, it is as binding as any other contract."    And, by way of illustration, we further said:    "Thus, suppose that the consideration was stated in the written contract to be 'one thousand dollars to be paid as follows:    Two hundred dollars in six months from date without interest; four hundred dollars in twelve months from date with ten per cent interest from maturity; four hundred dollars in eighteen months from date with ten per cent. interest from

maturity; all to be secured by a mortgage on certain described property.    Could it be shown in contradiction to this that the consideration agreed upon was fifty head of cattle or an additional sum of money?    Clearly not.    The reason is that it has been contracted otherwise by the parties and that contract has been reduced to writing."

Reverting to the contract before us, it is clear the parties intended to express their entire agreement in the instrument signed by plaintiff and to make a contractual subject of the consideration stated therein. What other meaning could be drawn from the words "I hereby agree . . . to accept . . . the sum of fifty-eight hundred dollars . . . in full satisfaction," etc., than that plaintiff did agree to that consideration and intended to bind herself in writing to stand by that agreement?    The written instrument considered by the court in Harrington v. Railroad, 60 Mo. App. 223, was essentially different from that now before us.    There it was in the form of a mere receipt.    The consideration was stated only as the recital of a fact and for that reason was held subject to explanation. But in the opinion, we adhered to the principles announced in the Jackson case, saying:    "We there held that while the recited consideration in a deed might be varied by parol, yet that when the consideration appeared from the instrument to be contractual, and not merely matter of recital, that it could not in the absence of fraud, accident or mistake, be varied by oral evidence of other or different considerations.    A consideration which is merely recited and of which the writing bears no evidence of its having been a matter of contract between the parties works no estoppel against the party seeking to show a different consideration."    Our conclusion is that plaintiff was estopped from asserting a cause of action based on an

oral agreement which it must be conceded, adds to the terms of her written contract, and we find this conclusion abundantly sustained by authorities consulted, among them the following: R. S. 1899, sec. 654; Davis v. Gahn, 63 Mo. App. 425; Neville v. Hughes, 104 Mo. App. 455; Culbertson v. Young, 86 Mo. App. 277; Rowland v. Railroad, 124 Mo. App. 605; State ex rel. v. Stuart, 102 Mo. App. 26; Edwards v. Latimer, 183 Mo. 610; Wojtylak v. Coal Co., 188 Mo. 260; Stewart v. Railroad, 40 N. E. 67; Dolan v. Pa. Co., 32 N. E. 802; Smith v. Railroad, 82 S. W. 788; Hobbs v. Electric Co., 75 Mich. 550; Windsor v. Railroad, 79 Pac. 613; Fire Assn. v. Wickham, 141 U. S. 564; Ireland v. Spickard, 95 Mo. App. 53; Bales v. Church, 124 Mo. App. 22.

The judgment is affirmed.    All concur.

### CONCURRING OPINION.

ELLISON, J.—It seems to me to be clear that the agreement in this case discloses a contractual consideration as stated by Judge JOHNSON. The particular wording of the contract and its reference to the receipt annexed, which is for the same amount, would seem to place the matter beyond question, under the cases of Jackson v. Railroad, 54 Mo. App. 636, and Davis v. Gann, 63 Mo. App. 425, heretofore decided by us. The contract is different in essential particulars from Harrington v. Railroad, 60 Mo. App. 223. The only misgiving I have had about the case arises from the act of the defendant, itself, in appearing to recognize other consideration than that mentioned, by furnishing a pass for near three years,—thus seeming to interpret the contract as contended for by plaintiff.