FRANK P. KRILING, Respondent, v. MILTON CRA-
MER, Appellant.

Kansas City Court of Appeals, January 16, 1911.

1. **CONTRACTS: Earnest Money: Breach.** Plaintiff sued to re-
cover the earnest money paid defendant on the purchase price
of a farm. The contract of purchase provided for the survey
of the farm, but defendant refused to do so, or to convey the
farm to plaintiff, although demand was made by plaintiff. Plain-
tiff did not tender the purchase price, as the exact number of
acres in the tract was not given in the contract, but he showed
a willingness to perform his part of the contract. *Held*, that,
as defendant failed to have the land surveyed, constituting a
breach of the contract, and to go on with the sale, plaintiff was
not required to tender the purchase-price money before he could
sue for the recovery of his down payment.

2. ————: **Oral Evidence.** All prior or contemporaneous oral
agreements are merged in the written contract where one is
made, but where the statement of the consideration appears
in a written deed or contract as a mere recital of a fact and
not as the expression of an intention to regard the nature of
the consideration as a contractual subject, it is open to expla-
nation by parol evidence.

Appeal from Cooper Circuit Court.—*Hon. Wm. H. Mar-
tin*, Judge.

AFFIRMED.

*W. M. & Roy D. Williams* and *C. D. Corum* for ap-
pellant.

(1) The court erred in permitting the plaintiff to
testify to conversations and negotiations prior to the
execution of the written contract. These were merged
in the writing. The written agreement required the
plaintiff to pay sixty dollars per acre for the land, the
deed to be made and possession delivered on the first
of January, 1909. The legal effect of the written con-

tract was to require the payment by Kriling for the land in cash at the time of the execution of the deed and delivery of the possession of the land to him. Parol evidence contradicting the legal effect of the contract was incompetent. Rodney v. Wilson, 67 Mo. 123; Jones v. Shaw, 67 Mo. 667; Huntington v. Railroad, 175 Fed. 532. (2) Money paid on an executory contract for the purchase of lands cannot be recovered on the sole ground that the contract is not sufficiently evidenced by a writing as required by the Statute of Frauds. 2 Warvelle on Vendors, sec. 930; Galway v. Shields, 66 Mo. 313. In the latter case it was held that, although the contract might not be enforceable against the defendant because within the Statute of Frauds, yet, unless the defendant refused to carry it out, the plaintiff could not recover the money advanced on it. (3) Plaintiff's evidence failed to show a breach of the contract by the defendant or his refusal to perform it. Defendant had the land surveyed as required by the contract; and, while it is true that a half or three-quarters of an acre north of the road was included in the survey, for reasons stated in the record, still defendant never refused to convey the land south of the road to the plaintiff and plaintiff never tendered the money and demanded a deed therefor. Laffey v. Kaufman, 66 Pac. 471; Hunt on Tender, sec. 12. (4) Plaintiff is not entitled, in this form of action, to recover payments made by him, in the absence of a showing that defendant refused, upon demand, to carry out the contract on his part. 2 Warvelle on Vendors, secs. 918-926.

*John & James W. Cosgrove* for respondent.

(1) The evidence show that the manner of payment was by mutual mistake and oversight, left out of the writing, and it was not error for the trial court to permit oral testimony to show what the real contract was. Wheeler v. Land Co., 193 Mo. 289; O'Day v. Comm, 131 Mo. 327 and 328; Moffatt v. Bulsom, 96 Cal. 106; Dor-

sey v. Haggard, 5 Mo., side page 421 (Houck's Ed.);
Black River Lumber Co. v. Warner, 93 Mo. 384; Fender
v. Haseltine, 106 Mo. App. 31.    (2) Learned counsel
for appellant contend that although there was from
one-half to three-quarters of an acre on the north of the
road included in the survey, appellant is not in default.
There is no definite evidence as to how much land was
on the north side of the road.   The contract was for
the land on the south side of the road only and the fail-
ure to have the land south of the road surveyed on or
before the date specified, put the defendant in default.
The contract being within the statute, could not be
pieced out by parol.  Boyd v. Paul, 125 Mo. 9; Ringer
v. Holtzclaw, 112 Mo. 519, and cases cited.   (3) The
defendant having refused to perform by having the land
surveyed and tendering a deed, plaintiff was entitled to
recover the money paid under said agreement.   The
defendant could not keep the land and the money too,
and plaintiff was entitled to recover as of money had
and received.   Davis v. Real Estate Co., 115 Mo. App.
338; Montgomery v. Wise, 138 Mo. App. 176; McDon-
ald v. Lynch, 59 Mo. 350; Longacre v. Longacre, 132 Mo.
App. 197.  This is an action for money had and received
by the defendant from the plaintiff.  It is just and right
that he should repay the money when he refused to con-
vey the land.  Montgomery v. Wise, supra 187. (4) The
judgment is for the right party and should be affirmed.
The defense is without equity and is unconscionable.
The law will not permit a party to receive part payment
for the sale of real estate and then refuse to convey and
keep the money paid.  This is too well established to
need further citation of authorities, and the judgment
of the trial court should be affirmed.   Evidence of the
manner in which the purchase price was to be paid was
not prejudicial to any right of the defendant as that
question became immaterial in view of defendant's re-
fusal to offer performance, and the judgment of the trial

court should be affirmed. Sec. 2082, R. S. 1909; Atkin Bro. Co. v. Grain Co., 130 Mo. App. 542; Woody v. Railroad, 104 Mo. App. 678; Hanley v. Holton, 120 Mo. App. 393.

JOHNSON, J.—This is a suit to recover two hundred and fifty dollars, with interest, paid by plaintiff to defendant on the purchase price of a farm defendant sold plaintiff and subsequently failed to convey. A trial before a jury resulted in a verdict and judgment for plaintiff for the sum demanded in the petition, and defendant appealed.

The controversy arises out of a written contract made by the parties October 20, 1908, by the terms of which defendant sold to plaintiff a part of his farm in Cooper county at the price of sixty dollars per acre. The contract was as follows:

"Know all men by these presents: That this agreement, made and entered into this 20th day of October, 1908, by and between Frank P. Kriling of Polk county, Missouri, and Milton Cramer of Cooper county, Missouri,

"Witnesseth, that the said Frank P. Kriling has this day bought from the said Milton Cramer about 160 acres of the land now occupied by the said Milton Cramer, described as follows:

"All of the land south of the county road except 40 acres adjoining Thoma Place, on the north and west, for and in consideration of $60.00 per acre.

"The above tract to be surveyed and deed made on or before January 1st, 1909, and possession given January 1st, 1909, and the said Frank P. Kriling pays $250.00 as part purchase price on said farm, receipt of which is hereby acknowledged.

FRANK P. KRILING,

MILTON CRAMER."

Plaintiff made the "down" payment of two hundred and fifty dollars as provided in the contract. He al-

leged in his petition and testified, over the objection of defendant, that the contract failed to express the whole agreement of the parties with reference to the consideration; that it was the agreement that plaintiff should not be required to pay the remainder of the purchase price in money on the delivery of the deed to him, but should execute and deliver to defendant his promissory note for the amount of the unpaid purchase money secured by a deed of trust on the land. This testimony was not contradicted but defendant rests on his objection to its admissibility.

Defendant had his farm surveyed before the date fixed in the contract for the delivery of the deed, but he did not have the surveyor separately survey the land south of the public road. It appears that a small part of the farm—a tract containing less than an acre—was north of the road. At the direction of defendant, it was included in the survey, and the surveyor was unable to state the exact quantity of the land south of the road. Plaintiff testified:

"Q. Did you ever call on him afterwards and ask him to perform his part of the contract? A. Yes, sir; I did, and he refused to.

"Q. What did he say when he refused? A. He said he wouldn't do nothing, or he wouldn't say nothing.

"Q. What did you offer to do? A. I offered to take the land—all the land south of the road, and pay him for it, and I will yet.

"Q. Did he ever have the— A. I can pay him for it any time if he wants it. All I ask of him is to survey the land and produce the deed. I told him then I would, and I will yet.

"Q. Now, Mr. Kriling, what was said about a survey? A. Well, the land was to be surveyed, and all the land was to be south of the county road.

"Q. Has any survey of that ever been made? A. No, sir; there was a survey made out there, but it was not

according to the contract. He surveyed the land north of the road, and I never agreed to buy no land north of the road.

"Q. Has Mr. Cramer ever tendered you a deed? A. No, sir.

"Q. Has he ever told you the number of acres there was there? A. No, sir.

"Q. So that you could have a deed prepared? A. No, sir.

"Q. Do you know now? A. No, sir.

"Q. Has he ever paid you back the money? A. No, sir.

"Q. Did he refuse to do it? A. Yes, sir."

The court overruled the demurrer to the evidence offered by defendant and, at the request of plaintiff, instructed the jury that the written contract was void under the Statute of Frauds for insufficiency in the description of the land and that plaintiff could not have compelled a specific performance of that contract by defendant and directed the jury to return a verdict for plaintiff if they should find from the evidence "that plaintiff on December 26, 1908, demanded of defendant that he have said land surveyed to ascertain the number of acres thereof and make a deed to plaintiff, therefor, and that defendant then and there refused to have said land surveyed, or to make a deed therefor, and still fails and refuses so to do."

Since defendant admits that plaintiff paid him two hundred and fifty dollars on the land and that he has kept the money and the land, too, the only important issue of fact left in the case was that submitted in the above quotation from the instructions and, as we shall show, the determination of that issue in favor of plaintiff compelled the court to give judgment for him.

We do not agree with the learned trial judge "that the written agreement is within the Statute of Frauds, and does not describe with sufficient certainty any real estate and is therefore void." Within itself the writ-

ing contains all the means by which the land could be identified with certainty. Paraphrasing an utterance in the recent case of Wilcox v. Sonka, 137 Mo. App. l. c. 57, certainly a surveyor with this contract in his hand, and with the aid of no other means than those it provides, could go to Cooper county and there could accurately locate the land. The writing states, in effect, that the land south of the public road occupied by defendant consists of approximately two hundred acres, and that all of that land with the exception of a forty-acre tract in the northwest corner is included in the sale. What other means of identification would a surveyor require? Of course, it is possible the contract did not correctly describe the land. It might be the fact that defendant occupied over five hundred acres south of the road or less than one hundred acres or occupied no land at all, but as we held in the Wilcox case "such possibilities do not make the contract *bad on its face.*" Granting, as we must until the contrary is shown, that the facts stated in the writing are true, we find enough to bring it within the rule of the maxim *"certum est quod certum reddi potest."* We hold that the contract is not within the Statute of Frauds but is valid.

Defendant argues that plaintiff cannot recover because of his omission to accompany his demand for a deed with a tender of the remainder of the purchase price. Where the contract calls for the delivery of the deed by the vendor and the payment of the purchase money by the vendee at the same time, such requirements are treated as dependent covenants, and in order that the vendee may recover on an alleged breach of the vendor's covenant, he must show a performance of, or readiness and willingness to perform his own covenant. But we do not regard the agreement of defendant to have the land surveyed as dependent on the agreement of plaintiff to pay the purchase price. Clearly it was the intention of the parties that the survey should be made before the execution of the deed and the payment of the

Kriling v. Cramer.

consideration, else how could the vendor know the number of acres to be stated in the deed, or the vendee know the exact amount of the consideration he should tender?

The failure of defendant to have the land surveyed constituted a breach of the contract and, followed as it was by. his refusal to go on with the sale, we think plaintiff was not required to tender the purchase money before he could declare the contract rescinded and sue for the recovery of his down payment.

Defendant complains of the admission of evidence to the effect that plaintiff was not to be required to pay the consideration in money but was to give his note to defendant therefor, secured by deed of trust on the land. The rule is well settled that all prior or contemporaneous oral agreements are merged in the written contract where one is made but it is just as well settled that where the statement of the consideration appears in a written deed or contract as a mere recital of a fact and not as the expression of an intention to regard the nature of the consideration as a contractual subject, it is open to explanation by parol evidence. [Tate v. Railroad, 131 Mo. App. 107.] We regard the present contract as containing only a mere recital of the consideration but if we thought it evidenced an intention to treat the nature of. the consideration as contractual, still we would hold that the error of admitting the evidence in question was non-prejudicial for the reason that, as defendant broke the contract before plaintiff was required to tender payment, the nature of. the consideration is immaterial and we fail to perceive any ground for thinking the jury could have been misled by the evidence to the prejudice of defendant. In order to find for plaintiff, they had to believe defendant had failed to perform his contract to survey the land and, as we said before, such failure entitled plaintiff to treat the contract as breached. There is no prejudicial error in the record. The judgment is for the right party and should be affirmed. It is so ordered. All concur.