METROPOLITAN STREET RAILWAY COMPANY, Appellant, v. BRODERICK & BASCOM ROPE COMPANY, Respondent.

Kansas City Court of Appeals, May 15, 1911.

1. **CONTRACTS: Written Guaranty: Verbal Testimony: Reasonable Time.** The terms of a written guaranty cannot be changed by verbal testimony where there is no fraud or mistake. And where the guaranty was that a cable rope used to pull cable street cars was to last one year, but no time stated when the rope was to be put into service after being received, it was held that a reasonable time was implied and that evidence that a specific time was agreed upon was improper.

2. ———: ———: ———: **Reasonable Use: What Implied.** Where, by the terms of a written guaranty, a cable rope was to last one year, but no conditions of use were stipulated, it was implied that reasonable and usual use was contemplated, and not necessarily the use that was in vogue when the cable was sold. The implication is that the cable is to have a fair test by reasonable and usual methods.

Appeal from Jackson Circuit Court.—*Hon. H. L. Mc-Cune,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *Charles N. Sadler* for appellant.

(1) In the absence of mistake or fraud, parol evidence is not admissible to vary, add to or in any way change the terms of a written contract. Boggs v. Laundry Co., 171 Mo. 282 l. c. 287 and cases cited; Harrington v. Com. Co., 107 Mo. App. 418; Dexter v. McDonald, 196 Mo. 373 l. c. 391, and cases cited; Smith v. VanWyck, 40 Mo. App. 522; Osborne & Co. v. Lawson, 26 Mo. App.

549. (2) Defendant not complaining of delay in putting cable in use, and receiving pay for same after it was put in use, waived any claim it might have had on account of delay, and forever estopped itself from complaining of delay. Kansas City ex rel. v. Surety Co., 196 Mo. 281; Henderson v. Koening, 192 Mo. 690; St. Louis Gunning Adv. Co. v. Wanamaker & Brown, 115 Mo. App. 270; Adair v. Curry, 106 Mo. App. 578; Riley v. Ins. Co., 117 Mo. App. 229; City of Unionville v. Martin, 95 Mo. App. 28. (3) An instruction not based on the evidence and the pleadings is erroneous. Boyce v. Railroad, 120 Mo. App. 168; Davidson v. Transit Co., 211 Mo. 320; Black v. Ry. Co., 217 Mo. 672. (4) An instruction which assumes a disputed issue in the case is erroneous. Van Natta v. Railroad, 133 Mo. 13 and cases cited. Brown v. Railroad, 80 Mo. 457; Dowling v. Allen & Co., 88 Mo. 293; Bank v. Crandall, 87 Mo. 213; Wilkerson v. Thompson, 82 Mo. 317. (5) Statements of witnesses contradictory of general knowledge, or opposed to physical facts, or contrary to the operation and effect of natural forces should not be accepted by any court. Scroggins v. Met. St. Ry. Co., 120 S. W. 731; Strack v. Tel. Co. et al., 216 Mo. 601; Browning v. Railroad, 106 Mo. App. 729; Fuchs v. City of St. Louis, 167 Mo. 620; Demaet v. Storage Co., 121 Mo. App. 92; Warner v. Railroad, 178 Mo. 131. (6) Where the preponderance of the evidence against the verdict is so strong as to raise a presumption of passion, prejudice or gross negligence on the part of the jury, the appellate court should set aside such verdict. Lehnick v. Railroad, 118 Mo. App. 611; Spohn v. Railroad, 87 Mo. 84; Price v. Evans, 49 Mo. 336; Fugler v. Bothe, 117 Mo. 501.

*Dawson & Garvin* and *T. B. Wallace* for respondent.

(1) The court did not err in admitting evidence of unnecessary damage done to rope by plaintiff in keeping it reeled and out of service for about two years, and

156 App.—41

by failing to maintain in proper form and repair the usual cable railway appliances and machinery when the rope was finally put into service. A guaranty of the working efficiency and durability of a part of a working combination in the absence of express words to the contrary always implies that the other parts of the combination will be and do what can be reasonably expected of them. It is an implied condition of the warranty sued on that the cable rope should not be abused or unnecessarily injured by the defendant. Mace v. Stoteman, 21 Fed. R. 109; Tower v. Pauley, 67 Mo. App. 638; Crenshaw v. Looker, 185 Mo. p. 390; Pennel v. McCafferty, 84 Ill. 364; Arlington v. Railroad Company, 133 Mich. 427; Tower v. Pauley, 76 Mo. App. 291; Null v. Watkins, 60 Ill. App. 256; 30 Am. and Eng. Ency. (2 Ed.), 153; Redlands Orange Growers' Assn. v. Gorman, 161 Mo. 203, 312; Blodgett v. Safe Co., 76 Mich. 541; Chapman v. Gwyther, 1 Q. B. R. 463. It was also an implied condition of the contract of warranty that plaintiff should have and maintain the usual cable railway machinery and appliances in such repair that the cable, while in use, would have fair treatment and be run without being unnecessarily injured. Haynes v. Second Baptist Church, 88 Mo. 285. Tht plaintiff by removing the rope before it was worn out put it out of its power to make the test required by the contract. If it has done so it cannot recover on the warranty. Ventillator Company v. Railroad, 66 Wis. 222; Manning v. Glindenning, 15 Wis. 50.

ELLISON, J.—This action was instituted to recover damages for breach of contract of guaranty. The judgment in the trial court was for the defendant.

Plaintiff is a street railway company in Kansas City, now operated by electricity, but which, at the time of the contract in question, was operated as a cable railway system, that is to say, the cars were drawn by an endless steel cable or rope running in conduits sunk in

the streets.    Defendant was a manufacturer of such cables and frequently sold them to plaintiff prior to the sale in question.    On the 29th of April, 1896, plaintiff purchased of defendant, by written contract, two cables, one for its east fifth street line and the other for its west fifth street line; the latter, being the one in ques-tion, was to be 31,600 feet long, at the price of nine cents per foot, with a guaranty of twelve months.    After stat-ing the guaranty and terms of payment, the contract continued in these words: "In case either or both of these ropes foil to run the life of their guaranty, then we agree to refund you promptly any money which may be due on account of such failure, same to be figured pro-portionately between actual time run and time guar-anteed."

Plaintiff claims that the cable for the west line could only be kept in service 122 days out of the twelve months of the guaranty, when on account of its poor quality, it became unfit for further service and plaintiff was compelled to take it out and put it aside as worth-less for the purpose purchased.

The defendant admitted the contract and plaintiff admitted the cable was furnished and put into service, but coupled that admission with the assertion that it failed to fill the requirement of the contract and its use had to be discontinued.    The defense, as stated by de-fendant, was:

1.    That this cable was manufactured and guaran-teed specifically for this west fifth street line, upon the understanding that it would be put into service about the time it was delivered and properly used therein un-til worn out.    2.    That the plaintiff failed and refused to put the cable into service for an unreasonable length of time under all the circumstances and considering the previous course of dealing between the parties, by reason whereof the cable, remaining wound on the reel, was damaged.    3.    That while the rope was in service and prior to the change of the road to electric power, the

plaintiff neglected to maintain the machinery conduit and other appliances through which the cable ran in a reasonable manner in as good condition as when the cable was sold. 4. That plaintiff failed to operate the cable road with proper care and regard for the life of the cable for twelve months after it was put into service. 5. That for the purpose of compelling the defendant to refund a part of the purchase price of the rope plaintiff failed to put the cable into service until after it had determined to change the road to electric power, and then abused the cable and removed it just prior to the change to electricity.

The record in the case is so voluminous that it would be too great a task to attempt to discuss it in detail. We will state our view of the law which should govern the case and then apply it to conduct of the trial. The contract being in writing, and there being no pretense of fraud, accident or mistake, is conclusively presumed to contain the entire agreement of the parties. [Boggs v. Laundry Co., 171 Mo. 282, 287; Dexter v. MacDonald, 196 Mo. 373, 391; Jackson v. Ry. Co., 54 Mo. App. 636.]

There was evidence tending to show that a cable would weaken or deteriorate if kept coiled and out of use for any great length of time, and that this cable was not put into service for near two years after being received. Where the contract is silent as to the time the article contracted for is to be put into service, a reasonable time will be implied, as much so as if written therein, and it is improper to admit evidence of a specific time being verbally agreed upon or intended. [Mfg. Co. v. Jaeger, 81 Mo. App. 239; Williams v. Ry. Co., 85 Mo. App. 103.] The contract in this case did not provide for any time when the cable was to be put in service, and it was therefore improper to admit evidence tending to show a prior agreement between the parties that the cable was to be put into service by plaintiff at a specific time after being received. Evidence was properly al-

lowed to show how long plaintiff kept it in coil before putting it into service, and the only further inquiry on that head should have been directed to the question whether that was a reasonable time; and if not a reasonable time, whether defendant had waived the delay.

Another branch of the case falls within the same rule of law. There was evidence tending to show that plaintiff allowed the appliances and places through which, and over which, the cable was operated, to become out of repair and unfit to handle it, and for that reason it wore out before the time limited in the guaranty. The contract does not specify the conditions under which the cable should be used. It may be the conditions and mode of operation when the sale was made were good, but the contract does not provide that those conditions shall be maintained. In the absence of such provision, it will be implied that reasonable and usual conditions and mode of operation will be followed (Haynes v. Bapt. Church, 88 Mo. 285, 292; Crenshaw v. Looker, 185 Mo. 375, 392; Mfg. Co. v. Heinz, 120 Mo. App. 465, 475, 476), and defendant has not the right to have the jury hear evidence that the same conditions were agreed upon which existed when the contract was made, or to have them instructed absolutely that the same conditions should be followed. Yet that was the direction given in instructions 3 and 4 for defendant.

Instruction No. 13 given for defendant, was improper. It virtually abandons the written contract and submits the case to the jury on the theory of a course of dealing theretofore existing between the parties. A prior course of dealing may be the moving cause for putting a new contract in writing. It frequently happens that prior dealings are unsatisfactory. The instruction was otherwise improper in that it called specific attention, in way of argument, as to putting other cables into service

If it be true that to permit a cable to remain in coil, without use, for any unreasonable period of time,

injuries it so as to impair its strength and wearing capacity, and that plaintiff kept it out of "use for such length of time as weakened it so that it could not last the length of the guaranty, and that defendant did not waive such delay, then plaintiff should fail. And if it be true that plaintiff did not operate the cable in a manner, or with appliances, reasonably suitable for such purpose, and from that cause it wore out before the expiration of the guaranty, the case should fail for that reason. The defendant was entitled to have a fair and reasonable test made of its cable before being charged with a breach of guaranty. And if it be true that the cable was not worn so as to be unfit (reasonably) for further use when plaintiff took it out, then, also, it should not recover. And, of course, if any evidence should be had that plaintiff wilfully kept the cable out of use until a short time before the change of the system into electricity, and then made unreasonable use of it so as to impair it, in order to afford an excuse to take it out and go upon defendant on the guaranty, such fraudulent design and acts would prevent recovery.

The judgment will be reversed and the cause remanded. All concur.