G. B. STRINGER, Respondent, v. THE GEISER MANUFACTURING COMPANY, a Corporation, Appellant.

Springfield Court of Appeals, January 19, 1914.

1. **PLEADING: No Reply Filed: Judgment Cannot be Demanded Because of Default After Trial.** In an action for alleged conversion, no reply was filed and defendant went to trial without objection or moving for judgment on the pleadings for want of reply. It was too late after trial for defendant to take advantage of this default to the extent of demanding judgment on the ground that the affirmative defenses set up in the answer stood confessed.

2. ——: ——: **Status on Appeal.** No reply having been filed defendant went to trial without objection or moving for judg-

Stringer v. Manufacturing Co.

ment on the pleadings for want of reply. The case is tried on appeal as if a reply had been filed, putting in issue the affirmative defenses contained in the answer, but the failure to reply does not raise any new and affirmative defenses to those alleged in the answer.

3. ———: Reply: Affirmative Defenses: Must be Specially Set up. In an action for alleged conversion, the defense being that the property was taken under a chattel mortgage, where plaintiff relies on a payment of the secured debt, fraud, mistake in the execution of the mortgage or its alteration after execution, he must affirmatively so plead, anticipating the defense, or embody the same in a reply.

4. WRITTEN CONTRACTS: Consideration: Statement as to: Not to be Varied. Where a statement in a written contract relative to the consideration shows upon its face that the consideration is a part of the terms of the contract itself, such statement stands as any other part of the written contract and cannot be contradicted, added to or taken from by parol evidence. A mere recital of a consideration, however, is generally open to explanation.

5. CHATTEL MORTGAGES: Parol Evidence to Vary: Not Permissible. There being no issue of fraud, accident or mistake, it was error to admit parol evidence to show that some of the notes described in a chattel mortgage and secured thereby were paid before the mortgage was executed.

6. INSTRUCTIONS: Chattel Mortgages: Parol Evidence not to Vary. In an action for conversion, the defense being that the property was taken under a chattel mortgage, an instruction virtually permitting the jury to supplant the chattel mortgage by mere oral testimony was erroneous.

7. VERDICT: Against Instructions of the Court: Cannot Stand. A verdict, manifestly against the law as declared by the court, will not be allowed to stand.

8. APPELLATE PRACTICE: Trial Court Theory: Followed on Appeal. Though appellate courts are prone to hold the parties to the same theory on which they tried the case below and to broaden the pleadings to cover the issues which the parties without objection allowed to be tried there, yet where a suit was tried as a suit at law, the appellate court is not authorized to treat it as tendering an equitable defense, where the trial court did not so treat it, though there is evidence that such defense might be justified.

Appeal from Dent County Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED.

*G. C. Dalton* and *A. J. Arthur* for appellant.

(1) The fact that defendant who was entitled to judgment on the pleadings, failed to move for judgment before verdict did not affect its right. Agricultural Works v. Creighton, 21 Ore. 495, 28 Pac. 775; Scheible v. Hart, 12 S. W. 628; Shirts v. Irons, 28 Ind. 458; Norton v. Norton, 25 S. W. 750; Martindale v. Price, 14 Ind. 115; Gordon v. Roberts, 58 Mo. App. 440. (2) A contract cannot be varied in its terms by a comtemporaneous parol agreement or understanding with such written contract. 1 Greenleaf on Evidence (16 Ed.), sec. 275; Ives v. Bank, 140 Mo. App. 293; Kingman v. Schulenberger, 64 Mo. App. 557; De Witt v. Berry, 134 U. S. 306. (3) Whenever the consideration, of a written instrument goes beyond mere recital and becomes contractual, thereby creating and attesting right, it cannot be varied, by parol testimony. Davis v. Gann, 63 Mo. App. 429 and 430; Patchin v. Pierce, 12 Wed. (N. Y.) 61; Jackson v. Railroad, 54 Mo. App. 1. c. 645.

*Wm. P. Elmer* and *J. M. Stephens* for respondent.

(1) Where a case is tried on the theory that a reply has been filed denying new matter in the answer, failure to file the reply cannot be objected to after the verdict. Roden v. Helms, 192 Mo. 70; Roden v. Helms, 90 S. W. 801. (2) Any material alteration of a contract voids it. Testimony showing such alteration is not objectionable on the grounds it varies the written contract. Coombs v. Car Co., 101 S. W. 58; Barnes-Smith Co. v. Tate, 137 S. W. 621; Kelly v. Thuey, 143 Mo. 422; Wagon Co. v. Wooldridge, 98 Mo. App. 648.

STURGIS, J.—The plaintiff sued defendant for twenty-five hundred dollars and recovered judgment

for fifteen hundred dollars for an alleged conversion by defendant of a steam traction engine, a threshing separator, a sawmill, saw, belts, etc., the property of plaintiff. The answer of defendant while denying that the taking by it of such property amounted to a conversion admits that it took the property from plaintiff and sold it to other parties and justifies its action in so doing by alleging that it held a valid deed of trust (generally referred to as a mortgage), with power of sale on such property, given by former owners of the same to secure certain notes executed by such former owners and which at the time of the taking and alleged conversion were past due and unpaid. The answer also alleges the foreclosure by defendant of this mortgage and the sale of the property by the trustee therein named in accordance with its terms and that the taking by defendant of plaintiff's property was rightful under and by reason of this foreclosure. No reply was filed to this answer. The defendant, however, went to trial without objection or moving for judgment on the pleadings for want of a reply; and plaintiff is correct in saying that it was too late after trial for defendant to take advantage of this default to the extent of demanding judgment on the ground that the affirmative defenses set up in the answer stood confessed. [Roden v. Helm, 192 Mo. 71, 83, 90 S. W. 798.]

We know of no case, however, going further than to hold that the case will be tried on appeal as if a reply was filed "putting in issue" the affirmative defenses contained in the answer, i. e., "denying the new matter in the answer." [Thompson v. Wooldridge, 102 Mo. 505, 510, 15 S. W. 76; Heath v. Goslin, 80 Mo. 310, 318; Ferguson v. Davidson, 147 Mo. 664, 670, 49 S. W. 859.] It cannot be said that the failure to reply raises any new and affirmative defenses to the defenses alleged in the answer, such as the payment of the debt secured by the mortgage or that the execution of the

same was procured by fraud or mistake, or that such mortgage was altered by defendant after its execution. Such matters constitute affirmative defenses and if plaintiff intended to take advantage of same they must be pleaded either in the petition (anticipating defendant's defense). [Courtney v. Blackwell, 150 Mo. 245, 51 S. W. 668, or by way of reply, Koons v. St. Louis Car Co., 203 Mo. 227, 256, 101 S. W. 49; England v. Denham, 93 Mo. App. 13, 19; Zeller v. Ranson, 140 Mo. App. 220, 231, 123 S. W. 1016; Bank v. Nickell, 34 Mo. App. 295, 298; Wilkerson v. Farnham, 82 Mo. 672; Henderson v. Davis, 74 Mo. App. 1; La Belle Sav. Bank v. Taylor, 69 Mo. App. 99, 106; Kelerher v. Henderson, 203 Mo. 498, 512, 101 S. W. 1083.]

It is therefore apparent that no issue was raised by the pleadings even when aided by the fact of going to trial without a reply, except the issues raised by a denial of the allegations of the answer as to defendant taking and selling this property under and by virtue of the mortgage pleaded. We are, of course, here speaking of the effect on the pleadings of going to trial without objection for want of any reply and not of the effect of admitting evidence without objection as to an affirmative defense not pleaded, presently to be discussed.

Under these narrow issues the evidence shows that the trustee in this chattel deed of trust, at defendant's request, took this property from plaintiff and advertised and sold it, thereby depriving plaintiff of the same. It was also shown that defendant had sold the property in question to one Cook in the first instance and that B. B. Hubbs and W. N. Asbridge, former owners of the same by purchase from Cook, executed the deed of trust in question on said property to secure the notes given for the purchase price. The deed of trust was at once placed on record in Dent county, Missouri, where the mortgagors lived and the property was then and thereafter kept and used.

Plaintiff some time later bought the property from said Hubbs and Asbridge and paid for it, as he admits, by assuming the mortgage indebtedness against it. Plaintiff admits that he knew the property was mortgaged but said he did not know, or bother himself to go to the records to see, the amount against it. On this phase of the case, however, the trial court correctly instructed the jury that even if Hubbs and Asbridge on selling the property to plaintiff represented that there was only about $950 against it, such representation would in no wise bind the defendant, as holder of the mortgage indebtedness, since such mortgage was on record and was notice to all the world as to the amount of the notes secured by the same.

The defendant read in evidence its mortgage and the execution of the same by Hubbs and Asbridge was shown and admitted, except said parties undertook to claim that this mortgage had been changed after its execution by them and that when executed it did not contain or secure the first four notes of $275 each, of date June 3, 1907, as described therein. This deed of trust, dated September 9, 1907, recites: "Whereas, the said party of the first part (Hubbs and Asbridge) is indebted to said party of the third part (defendant) as evidenced by the following promissory notes, to-wit. . . ." Here follows a description by date, amount, when due, etc., of twelve separate promissory notes aggregating $2150, and the mortgage then proceeds: "Now if the above notes shall be well and truly paid according to the tenor and effect thereof, when the same become due and payable after this deed has been recorded by party of the first part, then this instrument shall be void, and the property hereinbefore sold shall be released at the cost of said first party;" and then provides for a sale in case of default in such payment and on several other contingencies therein mentioned.

The first four of said notes so described in and secured by said mortgage are dated June 3, 1907, for $275 each, and the dispute herein hinges on these notes. The other eight notes, so secured, are dated September 9, 1907, and are for smaller amounts, aggregating $1050. The fact that all the notes are not of the same date is explained by the fact that the first four, aggregating $1100, were given in payment of another engine purchased from and mortgaged to defendant, along with the separator and other property, at an earlier date and that this engine proved defective and unsatisfactory and was exchanged for another and larger engine by Hubbs and Asbridge at the date of the execution of the mortgage in question and the other notes. The defendant claims that on the exchange of the old and smaller engine for the larger and new engine, the purchasers, Hubbs and Asbridge, agreed to pay $800 *additional* to the old notes on the engine and $250 for a new saw rig, purchased at that time, represented by the new notes made at that date. The plaintiff's claim, supported to some extent by the evidence of Hubbs and Asbridge, is that the notes given for the old engine, separator, etc., and which were secured by a mortgage given at that date on said property, were to be considered paid and the new mortgage then given was only to cover the new notes then executed by them, aggregating $1050. It is conceded by both parties that these later notes for $1050, dated September 9, 1907, were afterward paid but there is no claim or evidence showing that the four older notes of June 3, 1907, for $275 each, were so paid.

As has been shown, the deed of trust recites that the makers are indebted to defendant in the sum of each and all the notes described therein and describes these four notes of June 3, 1907, for $275 each, with the same particularity as the other notes. There is no claim that this mortgage bears any indications of any alteration or interlineation, but, on the contrary, as

these four notes of June 3, 1907, are the first notes described therein, it would hardly be likely that a sufficient space should have been left above the description of the notes of later date, conceded to have been properly inserted therein, to permit such a long interlineation. In this respect this case differs from Kelly v. Thuey, 143 Mo. 422, 45 S. W. 300, and other like cases cited by respondent, holding that the burden is on the party relying on a contract to explain any apparent or conceded alteration of the same. [Land & Lumber Co. v. Moss Tie Co., 87 Mo. App. 167, 174.] There was no issue in the pleadings of this mortgage having been altered after its execution so as to make it include these four notes, and for this reason, or because the evidence of such alteration, amounting as it would to a forgery, was insufficient to take that issue to the jury, or for both such reasons, the court instructed the jury that "the notes given on June 3, 1907, were secured by the chattel mortgage executed and delivered thereafter, to-wit, on the 9th day of September, 1907, the same as if such chattel mortgage had been executed on the date of said notes. Now if you believe and find from the evidence that there was a balance due on the said notes at the time the property was taken and sold, you will find the issues for the defendant." Regardless of the question as to whether the evidence, unobjected to, was sufficient to warrant a submission of the issues, not pleaded, of the mortgage being altered after execution so as to include the first four notes or being fraudulently obtained in that respect, such issues were not submitted to the jury and no finding made thereon. The jury were not required to find and there is no finding that these notes were improperly (that is, fraudulently) included in the mortgage. [Copying Co. v. Muleski, 138 Mo. App. 419, 423, 122 S. W. 384.]

With these questions of the alteration of the mortgage and obtaining same by fraud out of the case, what was left for the jury to try? The makers of this mortgage expressly contracted that at the time it was executed they owed each and all of the notes therein described, inclusive of the four old notes of $275 each, and made the same a lien on this property. The amount, as well as the designation of the notes which are owing by them and are being secured, is contractual and is, therefore, not open to explanation and contradiction by parol evidence in the absence of an issue of fraud, accident or mistake. It is not a mere recital of a consideration, which generally is open to explanation, but is an essential feature of the contract and not subject to be varied, explained or contradicted by parol evidence. In Pile v. Bright, 156 Mo. App. 301, 308, 137 S. W. 1017, the court said: . . . "but if the statement in a written contract in relation to the consideration shows upon its face that the expressed consideration is a part of the terms of the contract itself then that part of the writing stands as any other part and it cannot be contradicted, added to, nor substracted from, by parol. [Halferty v. Scearce, 135 Mo. 428, 37 S. W. 113; Jackson v. Railroad, 54 Mo. App. 636; Trustee Christian University v. Hoffman, 95 Mo. App. 488, 69 S. W. 474; Neville v. Hughes, 104 Mo. App. 455, 79 S. W. 735; Tate v. Railroad Co., 131 Mo. App. 107, 110 S. W. 622.] All written contracts, complete and definite, speak for themselves and they cannot be altered, added to or substracted from by oral testimony. This is an absolute rule of evidence adopted from motives of policy and founded upon the experience of mankind in dealing with the 'slippery memory' of men. So that it must follow that if parties express their contracts, as to the consideration, in terms which show that *it is a contract,* then, if complete upon its face, it can no more be altered or varied than any other contract. Whenever the statement of

the consideration leaves the field of mere recital and enters into that of contract, as shown by the intention of the parties to be gathered from the instrument, it is no longer open to contradiction." [Jackson v. Railroad, 54 Mo. App. 636, 644. To the same effect is Davis v. Gann, 63 Mo. App. 425, 429; Tate v. Railroad, 131 Mo. App. 107, 110 S. W. 622; McDaniel v. United Rys. Co., 165 Mo. App. 678, 691, 148 S. W. 464; Street R. Co. v. Rope Co., 156 Mo. App. 640, 644, 137 S. W. 633.]

It must be held, therefore, in the absence of any equitable defense having been interposed by plaintiff, that it was not competent to contradict and vary the terms of this mortgage by showing that the first four notes described in and secured by the deed of trust were already paid or cancelled and that same were not a valid lien against this property. Yet, we find that the court instructed the jury for plaintiff by instruction numbered 1, that if they found that plaintiff was the owner of the property and had paid all the indebtedness against it, then defendant was guilty of conversion in taking it under the mortgage. Plaintiff did not claim or try to prove that *he* or anyone had paid these four notes described in the mortgage, at least after its execution. His claim was that said notes were already paid, or, at least, agreed to be cancelled, before this mortgage was executed and, therefore, were not a valid lien against the engine in question at any time nor against the separator and other property after the execution of this second mortgage, although included in and secured by both mortgages.

The verdict is also manifestly against the law as declared by the court, for the court instructed the jury by instructions numbered 2 and 4, that this mortgage of September 9, 1907, made all the notes described therein, inclusive of these four notes dated June 3, 1907, a valid lien on this property and to find for defendant if anything was due thereon. Yet, as they

were not paid or discharged after its execution, the only way the jury could find that nothing was due on these notes was to find that they were not valid notes and were not a valid lien on the property at the time the mortgage was executed. This is a direct contradiction of the mortgage and is not permissible under the issues submitted by the court. This case, we think, differs from Shantz v. Shriner, 167 Mo. App. 635, 150 S. W. 727, and Williams v. Alnutt, 72 Mo. 62, in that neither the pleadings nor the evidence here raises any issue that there was a failure of consideration of the notes or mortgage, or that the same were given for a different purpose than disclosed on their face. In fact, the only purpose disclosed in putting these four old notes in the mortgage was to show that they were not paid and were to be secured in their future payment.

The case was tried and the evidence went in with little reference to the issues made by the pleadings. Most of the evidence should have been, and doubtless would have been, excluded had objection been made on this ground. Defendant is to blame for most of the errors it complains of. While appellate courts are prone to hold the parties to the same theory on which they tried the case below, and properly so, and to broaden the pleadings to cover the issues which the parties, without objection, allowed to be tried there, yet, as this was tried throughout as a suit at law, we are not authorized to treat it as asking for equitable relief as against this mortgage and allow plaintiff, without any appropriate pleadings, to avoid the same for fraud, accident or mistake in its execution, where the trial court did not so treate it in the instructions given. See also Kelerher v. Henderson 203 Mo. 498, 514, 101 S. W. 1083, to the effect that where evidence is only incidentally introduced sustaining an unpleaded defense the court should not submit such issue. Under the law as declared by the court the plaintiff could not recover and the verdict should have been for

defendant. [Robinson & Co. v. Ligon, 146 Mo. App. 634, 124 S. W. 590.]

We will, therefore, reverse and remand the case that the parties may, if they so desire, reform the pleadings, make the issues on paper, and try the case on such issues and in conformity with this opinion.

*Robertson, P. J.,* dissents. *Farrington, J.,* concurs.