THE WEED SEWING MACHINE COMPANY v. PHILBRICK *et al.*, *Appellants.*

1. **Bond Substituted for lost Bond**: BURDEN OF PROOF IN ACTION ON. In an action on a bond given in lieu of a bond which has been lost, with the understanding that the obligor shall not be held liable on the substituted bond unless the original cannot be found, the plaintiff cannot recover without proving that the original has not been found.

2. **Amendment of Pleadings.** Under the circumstances disclosed in the record, the trial court committed no error in refusing permission to the defendant to file an amended answer during the trial.

*Appeal from Holt Circuit Court*—HON. H. S. KELLEY, Judge.

REVERSED.

*T. H. Parrish* for appellants.

*Ewing, Pope & Hough* for respondent.

HOUGH, J.—This was a suit on a bond alleged to have been given to the plaintiff by one Charles R. Mosier, as principal, with the defendants as sureties, to secure any indebtedness of said Mosier, to the plaintiff, which might arise out of his agency for said company. The bond sued

on was alleged to have been executed in lieu of a former bond given by the same parties, which had been lost. The terms and conditions of the original bond are specifically set forth in the petition, which then proceeds as follows: " Plaintiff further states that afterwards the said Charles R. Mosier, as such principal, and said Cyrus Philbrick and James T. Howell, defendants, as such securities, on the 17th day of August, 1874, made, executed and delivered to the Weed Sewing Machine Company a duplicate bond of same date, tenor and effect as said lost bond, which is herewith filed; and it was understood and agreed by the parties at the time, that the said duplicate bond should stand and be in lieu of said lost bond, and take the place thereof, unless the original bond was found, whereupon the said duplicate was to be returned to said defendants; but said plaintiff avers and alleges that said lost bond has never been found." The petition then sets out the alleged breaches of said duplicate bond. The answer of the defendants denies each and every allegation of the petition.

At the trial the duplicate bond was offered in evidence by the plaintiff, and the defendants objected to the reading of the same for the reason that it did not appear that the original bond was lost or had not been found, and was not now in the possession of the company; but the objection was overruled by the court and the bond was read in evidence. The only testimony as to the loss of the original bond was the statement of a witness that he had procured the execution of the duplicate bond sued on, and that prior to taking said bond he had understood from the officers of the company that the original bond was lost. No. testimony whatever was offered to show that it had not since been found. During the cross-examination of plaintiff's first witness, the defendants presented and asked leave to file an amended answer verified by affidavit, denying the execution of the bond sued on. The court refused to permit the amended answer to be filed, and the trial proceeded

upon the original answer and resulted in a judgment for the plaintiff, from which the defendants have appealed.

If the stipulations of the two bonds were precisely the same, it was of course immaterial upon which of them the plaintiff sought to hold the defendants liable. But it was, doubtless, owing to some supposed difference between the two that it was agreed between the plaintiff and the defendants that the defendants should not be held liable on the duplicate, unless the original could not be found. The effort of the defendants at the trial to show that there were conditions in the duplicate which were not in the original, would seem to favor this view. However this may be, as it was stated in the petition to be the agreement of the parties that the defendants were not to be liable on the duplicate unless the original could not be found, and as it was further averred that said original bond had never been found, it became material to prove that fact, and without some evidence thereof, the plaintiff was not entitled to recover. There is no such testimony in the record, and the judgment cannot, therefore, be permitted to stand.

1. BOND SUBSTITUTED FOR LOST BOND: burden of proof in action on.

We perceive no error in the action of the court in refusing permission to the defendants to amend their answer during the trial, by denying under oath, the execution of the instrument sued on. The record fails to disclose any circumstances of surprise, mistake or even inadvertence. The defendants were served with a copy of the petition on the 3rd day of April, 1875. At the April term and on the 28th day of said month, the defendants took leave to file their answer sixty days before the next term, and on the 21st day of June, 1875, filed the answer on which the cause was tried in January, 1876. The last section of the chapter on amending pleadings requires the court to so construe the law in relation to pleadings and amending the same, as to discourage negligence and deceit, to prevent delay and to secure the parties from being misled. To permit a party in a suit on a written in-

2. AMENDMENT OF PLEADINGS.

strument, to which his name is affixed and with the execution of which he is charged, in the midst of a trial to change the issues and perhaps compel a continuance by making for the first time the defense that he never executed the instrument sued on, when from its very nature he must have been fully cognizant from the beginning of the existence of such defense, without some evidence, at least, of mistake or inadvertence, would, in our opinion, be at variance with both the spirit and the letter of the statute, and lead to great injustice. For the error heretofore indicated, the judgment will be reversed and the cause remanded. The other judges concur.