AMERICAN COPYING CO., Respondent, v. FELIX MULESKI, Appellant.

Kansas City Court of Appeals, November 1, 1909.

1. **CONTRACTS: Execution: Delivery: Answer Under Oath.** Though a written contract is signed by a party, yet if not delivered its execution must be denied under oath.

2. **PLEADING: Amendment During Trial: Discretion.** Amendment of an answer after trial begun, so as to deny execution of written contract under oath, is within discretion of trial court.

3. **LOTTERY: Gambling Device: Pleading.** Defense of illegality of contract because in furtherance of lottery scheme, should be pleaded. It cannot be admitted under general denial.

4. **CONTRACTS: Contemporaneous Verbal Agreement.** A verbal agreement at time a written contract was signed, that certain provisions were to be erased, cannot be shown in evidence in the absence of fraud.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

*Mytton & Parkinson* for appellant.

The court erred and abused its discretion, if it had any, in striking from the files the appellant's amended answer and in refusing to permit him to file amended answer tendered in his "motion for leave to file amended answer," which set forth good, lawful and legal defenses to the cause of action alleged in plaintiff's petition. The court had ample power after reference, if there could be a reference without an order of record, to permit amendments of pleadings. R. S. 1899, secs. 657, 661, 663; Insurance Co. v. Potter, 4 Mo. App. 595; Cayce v. Ragsdale, 17 Mo. 32; Martin v. Martin's Administrator, 27 Mo. 227; Dallam v. Bowman, 16 Mo. 225; Water Co. v. Dreyfus, 104 Mo. App. 437; Collins

v. Glass, 46 Mo. App. 297; Howard v. Shirley, 75 Mo. App. 150. The plaintiff failed to prove any damage resulting from the breach by appellant of the terms of the "proposal," even if it had ripened into a contract by failure of appellant to deny his real signature under oath. The referee made no finding of any damages sustained by respondent, and the court erred in not sustaining appellant's exceptions to report of referee, and in rendering judgment on said findings. Under the law and the evidence the plaintiff's cause of action was a lottery device, inhibited by state and national laws, and beyond them by public conscience, making it against public policy and therefore not enforcible. Under the law and the evidence the plaintiff's cause of action was illegal and no damages were proven, and the judgment upon the findings of the referee should have been for the appellant.

*J. B. Shackleford* and *John A. Connett* for respondent.

By his failure to deny execution of the instrument sued under oath, defendant admitted both the signing and delivery of the instrument. R. S. 1899, sec. 746; Hart v. Wire Co., 91 Mo. 422; B. & L. Assn. v. Obert, 169 Mo. 517; Wallman v. Loewen, 96 Mo. App. 305; Johnson v. Woodmen of the World, 119 Mo. 102. In order to make the defense that the contract sued on was in violation of the lottery statute and therefore void, it was necessary for defendant to plead the illegality of the contract as an affirmative defense. McDarmott v. Sedgwick, 140 Mo. 184; St. Louis, etc., Assn. v. Delano, 108 Mo. 217. These cases overrule the earlier case of Sprague v. Rooney, 104 Mo. 349. And we wish to note in this connection that our Supreme Court has shown a disposition to consider none too favorably the attempt of defendants to retain all the fruits and escape all the burdens of a contract involving the possible violation of a misdemeanor statute; see: Michael v.

Bacon, 49 Mo. 476; Howell v. Stewart, 54 Mo. 401; Sprague v. Rooney, 82 Mo. 493. The allowance of amendment of pleadings rests in the discretion of the trial court and the appellate court will reverse only in case of palpable or gross abuse. Singer Manufacturing Co. v. Gibens, 35 Mo. App. 608; Chauvin v. Lowens, 23 Mo. 227; Ensworth v. Barton, 67 Mo. 623.

ELLISON, J.—Plaintiff's action is for damages for breach of a written contract. The case was referred to a referee, whose findings for plaintiff were approved by the trial court, and judgment accordingly entered.

It appears that defendant, who is a retail butcher in St. Joseph, signed a written instrument whereby he agreed to purchase of plaintiff certain advertising stamps advertising defendant's business, which were to be given out by defendant to his customers, one for each ten cents' worth purchased, for which defendant was to pay plaintiff thirty cents per hundred stamps so obtained of plaintiff and given out by defendant. It was further agreed that plaintiff would consign to some merchant in St. Joseph "one Cleveland Special Automobile." The writing then proceeded as follows:

"For the compensation received by you from us for said stamps you are to print our name and business on your Automobile Stamp Directory for this town and appoint some person or firm in this town to give to each of our customers for each filled Automobile Stamp Directory containing one hundred of such purchase stamps a ticket, giving to the holder an undivided interest in said automobile upon the termination of this proposition, and the faithful compliance upon our part of its conditions.

"It is understood that you have the right to accept propositions from other merchants of this town, and that customers holding tickets from all such merchants who have complied with the terms of their agreements with you shall have equal interest with ours. That is,

the automobile, upon the termination of this agreement and other similar agreements you may have with other merchants of this place, shall become the sole property of the holders of tickets obtained in the above described manner.

"It is further understood that upon each ticket will be printed a certain date, said date to be within one month of the termination of this agreement, upon which a meeting of the holders of all tickets issued shall be held, to agree upon what disposition shall be made of said automobile. At that meeting each ticket holder shall be entitled to one vote for each ticket held that was secured in the above described manner, the majority of such votes at such meeting to determine the disposition to be made of said automobile."

The petition charges a failure on defendant's part to carry out his contract in purchasing the stamps or to carry out other parts of the contract. The referee found that defendant paid $15 for five thousand stamps but after such payment refused to comply further with the contract, and found plaintiff's damages to be $493.36.

Defendant's answer was a general denial, though we gather from the record, brief and argument in this court that his defense was that at the time he signed the written contract it was understood and verbally agreed by him and plaintiff's agent that that portion of the contract requiring defendant to purchase the stamps of plaintiff and give them to customers, was to be erased and was not to be a part of the proposition to be sent to plaintiff at the home office. The further defense was that the contract was a mere gambling or lottery scheme concocted by plaintiff to sell the automobile.

After the trial had opened and partly progressed with the hearing of evidence, defendant asked leave orally, and formally by written request to the court, to be allowed to proceed with his defense in the examina-

tion of witnesses on the basis of an amended answer which he filed setting up the defenses just noted and verified by his affidavit. He was refused and his amended answer was stricken out.

Defendant felt that, on account of the verbal agreement, the writing did not represent the real contract and that therefore he should deny it under oath. The claim is made that on account of confusion arising over a former decision of the Supreme Court Commission (Hammerslough v. Cheatham, 84 Mo. 13), it was thought that as defendant did actually put his signature to the paper he could not deny the execution of the contract, thus actually signed. But, however, defendant may have been misled, the fact remains that the defense thus attempted is not allowed by the law. A contemporaneous agreement cannot be allowed to affect the writing. No fraud is charged and no reason suggested why the writing did not represent the agreement. It was defendant's duty to see that it did. [Johnson v. Insurance Co., 93 Mo. App. 588.] Besides, even though a contract be signed by a party, until delivered it is not executed and when not delivered there should be a denial of execution under oath. [Hart v. Harrison Wire Co., 91 Mo. 414, 422; B. & L. Assn. v. Obert, 169 Mo. 507, 517.]

As to the defense of plaintiff's project being a lottery scheme, that was a matter that should have been specially set up in defense. [McDermott v. Sedgwick, 140 Mo. 181; St. Louis Assn. v. Delano, 108 Mo. 217.]

But, aside from the foregoing, we would not feel at liberty to interfere with the judgment for the reason that the matter of leave to amend pleadings in the course of a trial is largely in the trial court's discretion, and the court's ruling should not be disturbed unless it should be apparent that the discretion has been abused. [Weed Sewing Machine Co. v. Philbrick, 70 Mo. 646.]

There are other suggestions of errors, but we do not think either of them affected the result, and we affirm the judgment.

All concur.