SUMNER EXCHANGE BANK, RESPONDENT, v. FRED B. MILLER, APPELLANT.

Kansas City Court of Appeals. December 17, 1928.

*O. F. Libby, James W. Davis* and *Arch B. Davis* for respondent.

*John D. Taylor* for appellant.

ARNOLD, J.—This is an action to recover an unpaid balance on a promissory note alleged to have been executed by plaintiff and five others, payable to plaintiff. The other five signers paid their proportions of the note and this suit is against defendant alone.

Plaintiff is a state banking corporation located at Sumner, Chariton county, Missouri. The record shows that on October 5, 1921, and prior thereto, the Sumner-Forker Grain Company was a corporation doing business at Sumner. Defendant, at that time, was a stockholder and director of said Grain Company which company was indebted to plaintiff in the sum of $5000, as evidenced by a promissory note. On or about the date last mentioned, on advice of the Commissioner of Finance of Missouri, the cashier of plaintiff bank demanded additional security on said note. Thereupon, on October 5, 1921, defendant Fred B. Miller, J. I. Kaye, L. O. Allen, E. H. Stoner, Ray Taylor and Ross Louden executed the demand note involved in this suit, payable to plaintiff, as collateral for the grain company's note, each signing individually. One Frakes, also a director of the grain company, did not sign the note. Thereafter the grain company went into liquidation and the makers of the note were left to pay the same. The record shows the other co-makers each voluntarily paid his portion of the obligation on April 12, 1928, in the sum of $984.14, and the credits were properly indorsed on said note; that defendant refused to pay his *pro rata* share and this suit followed.

The petition is formal and charges that on October 5, 1921, defendant Fred B. Miller, J. I. Kaye, L. O. Allen, Ray Taylor, Ross Louden and E. H. Stoner borrowed of plaintiff the sum of $5000 in money and on said date made, signed, executed and delivered to plaintiff their promissory note in writing, dated Otcober 5, 1921, promising, for value received to pay plaintiff on demand the sum of $5000, with interest thereon at seven per cent per annum from date; that, since the making and delivery of said note, the makers thereof have promptly paid the interest up to April 5, 1925, and that since that time the principal and interest is past due and unpaid as to defendant; that on April 12, 1928, the makers Kaye, Allen, Taylor, Louden and Stoner have paid each his proportion of said indebted-

ness so that there remains due and unpaid from defendant $984.14, with interest at seven per cent from April 5, 1925; that payment thereof has been demanded and refused though long past due, and judgment is sought for this amount.

A verified copy of said note, filed with the petition, is as follows:
"$5,000.00                                        Sumner, Mo., Oct. 5th, 1921.

"On demand after date we promise to pay to the Sumner Exchange Bank five thousand dollars for value received, negotiable and payable without defalcation or discount, at its banking house in Sumner, Mo., with interest from date at the rate of seven per cent per annum. Each of the signers and endorsers hereof waive demand, notice and protest of this note, and severally agree that the time may be extended without notice.

"J. I. Kaye,
"L. O. Allen,
"No. 2063                                          "Ray Taylor,
"Due on demand.                                    "Fred Miller,
"Ross Louden,
"E. H. Stoner."

(Note indorsed on back as follows)
"Int. paid to April 5, 1922; Int. paid to Oct. 5, 1922;
"Int. paid to April 5, 1923; Int. paid to April 5, 1924;
"Int. paid to Oct. 5, 1924; Int. paid to April 5, 1925.
"Paid.
"April 12, 1928 by J. I. Kaye ................$984.14
      "   12,   "    " L. O. Allen ............... 984.14
      "   12,   "    " E. H. Stoner ............. 984.14
      "   12,   "    " Ray Taylor ...............984.14
      "   12,   "    " Ross Louden ............. 984.14
      "   12,   "    " Account ................151.98".

The answer admits the corporate *status* of plaintiff, as pleaded in the petition and denies that defendant, with J. I. Kaye, L. O. Allen, Ray Taylor, Ross Louden and E. H. Stoner borrowed $5000 in money on October 5, 1921, and executed and delivered their promissory note therefor, described in the petition. Further answering defendant says that on and prior to October 5, 1921, he, together with persons named in the petition and others, was interested in an elevator company doing business at Sumner and Forker, known as the Sumner-Forker Grain Company; that on October 5, 1921, the president and secretary of said elevator company executed a note of the said company to plaintiff for $5000; that on said date one John McCormick, cashier of plaintiff bank, suggested to this defendant, J. I. Kaye, L. O. Allen, Ray Taylor and E. H. Stoner that the bank examiner had complained about the note given by the elevator company and suggested that security be procured on the

same; that the cashier requested the board of directors of the elevator company to give their notes as collateral in order that the cashier might satisfy the bank examiner; that the cashier further suggested that he (McCormick) and G. J. Taylor president of the bank would join in the execution of the note; that thereafter, with the understanding that all members of the board of directors of the elevator company, together with said cashier and president of the plaintiff bank, would execute said note, this defendant signed the same. The answer avers that the note was prepared and signed by Kaye, Allen, Ray Taylor, Louden, Stoner and defendant, but that Ira Frakes, a member of the board of directors of the elevator company did not sign, nor did McCormick and G. I. Taylor; and, although plaintiff through its cashier knew that said note was not executed by the persons who were to have executed the same and before the note was completed as understood and agreed, it was received by plaintiff and is the note upon which this action is based. The answer states said note was never completely executed; that defendant never became liable thereon; that he never at any time consented to delivery of the note to plaintiff with the three signatures omitted therefrom; denies that defendant has ever paid any interest on said note as alleged in the petition or that any interest has been paid thereon by anybody for him with his knowledge and consent. The reply is a general denial. The cause was tried to a jury resulting in an instructed verdict for plaintiff in the sum of $992.36.

Motions for a new trial and in arrest of judgment were overruled and defendant has appealed.

The only evidence introduced on the part of plaintiff was the note in issue. Defendant, under the allegations and averments in his answer, undertook to introduce evidence to show (1) that he signed the note as accommodation maker for plaintiff, (2) want of consideration, and (3) that the note was never completed in accordance with the terms of the oral agreement entered into at the time the note was signed by him. In support of his appeal defendant argues he should have been allowed to prove the note was signed by him as an accommodation to plaintiff for the purpose of meeting objections of the bank examiner respecting the note. The record discloses the defendant was allowed to testify that the cashier stated he "would like to have additional security on this note." We quote from the record:

"Q. You may state what the conversation was? A. This was either a called or a regular meeting and Mr. McCormick was present and he said: 'Gentlemen, the bank examiner has questioned this note: the note's all right, I am satisfied with it, but I would like to have additional security on this note, or these notes.'

"Q. Well, what did you do about it?

(Objection by plaintiff's counsel.)

"THE COURT: Overruled."

However, when defendant's counsel attempted to go further into the conversation, the court sustained plaintiff's objections upon the ground that the evidence would tend to vary the terms of a written instrument. Plaintiff contended that, as the answer was not verified, the execution and delivery of the note in question were admitted, and any evidence tending to vary the terms of a written instrument was inadmissible. The court sustained plaintiff's position and the testimony was accordingly excluded. Defendant's attorney then made the following statement:

"We offer to show by this witness (defendant) that at the time the persons whose signatures appear on this note were in the meeting of October 5, 1921, at which John McCormick, cashier of the Sumner Exchange Bank was present, that the cashier told the defendant Miller and the other persons whose names appear upon the note, that he had the Sumner-Forker Grain Company's note, that a complaint had been made about it by the banking authorities, and that while he was satisfied with said note he would be glad if the directors of the Sumner-Forker Grain Company would sign a note for the amount of the note he held; that upon inquiry from the defendant to the said McCormick, and in the discussion that took place between the said McCormick, the defendant, J. I. Kaye and other persons present, that it was agreed that the note requested to be signed by the cashier was to be signed by J. I. Kaye, L. O. Allen, E. H. Stoner, Ray Taylor, Ross Louden, Ira Frakes and Fred Miller, constituting the board of directors of the Sumner-Forker Grain Company, and G. I. Taylor and John McCormick, officers of the Sumner Exchange Bank; we offer to show that at that time it was discussed between the said McCormick, Miller and other persons present, and decided that J. I. Kaye was to see Ira Frakes, the other member of the board of directors of the Sumner-Forker Grain Company, and procure his signature to the note; we offer to show that in a conversation between John McCormick, cashier of the Sumner Exchange Bank, and the defendant Miller at a time sometime subsequent to October 5, 1921, that a conversation was had between the said McCormick and the said Miller in which the said McCormick admitted that the signature of Frakes was to have been procured on said note."

Objection was interposed by plaintiff "for reasons urged to similar questions, and a motion to strike out answers to similar questions heretofore made." The objection was sustained. Defendant then offered to show by the witness that no consideration passed to him from plaintiff bank for the execution of the note in question. There was objection "for the same reason, and also for the further

reason that under the Negotiable Instrument Law, he is primarily liable as a joint maker of this note, under the answer in this case." This objection was sustained. Defendant also called to the witness stand one Ira Frakes who was a director in the grain company. This witness was asked if he was requested to sign the note. An objection on grounds previously stated was sustained. Whereupon defendant's counsel made the following offer of proof:

"We offer to show by this witness that about the 5th of October, 1921, this witness was requested by Joe Kaye, member of the board of directors of the Sumner Exchange Bank, to sign the note offered in evidence as plaintiff's exhibit 1."

Plaintiff's counsel renewed his objection which the court sustained.

At this stage of the proceedings counsel for defendant offered the following:

"Comes now the defendant in the progress of the trial, and after evidence has been admitted, however, and requests the court, and for the purpose of meeting plaintiff's objections and contentions, and the court's rulings and interpretations of the law, and asks leave to amend answer filed herein by having the same verified."

The court sustained an objection of plaintiff to such amendment. This ruling is charged as error, but we think section 1415, Revised Statutes 1919, is controlling here, in the following language:

"When any petition or other pleading shall be founded upon any instrument in writing, charged to have been executed by the other party and not alleged therein to be lost or destroyed, the execution of such instrument shall be adjudged confessed, unless the party charged to have executed the same deny the execution thereof, by answer or replication, verified by affidavit." [American Copying Co. v. Muleski, 138 Mo. App. 419, 122 S. W. 384; Brown Mfg. Co. v. Gilpin, 120 Mo. App. 135, 96 S. W. 488.]

In support of its contention that there was no error in the refusal of the trial court to permit the amendment, plaintiff cites the case of Weed Sewing Machine Co. v. Philbrick, 70 Mo. App. 646, 648, wherein it is said:

"We perceive no error in the action of the court in refusing permission to the defendants to amend their answer during the trial, by denying under oath, the execution of the instrument sued on. . . . To permit a party in a suit on a written instrument, to which his name is affixed and with the execution of which he is charged, in the midst of the trial to change the issues and perhaps compel a continuance by making for the first time the defense that he never executed the instrument sued on, when from its very nature he must have been fully cognizant from the beginning of the existence of such defense, without some evidence, at least, of mistake or

inadvertence, would, in our opinion, be at variance with both the spirit and the letter of the statute, and lead to great injustice.''

Under the statute and decisions above cited, we hold the court properly refused to permit the amendment. The other questions raised by defendant and argued in the briefs need not be discussed as they are controlled by the above ruling on the refusal of the amendment. For reasons herein stated, the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.