**694**

ASSOCIATES DISCOUNT CORPORATION,
Inc., Plaintiff-Appellant,

v.

Fred C. ISGRIGGS and Susie Isgriggs, his
wife, Defendants-Respondents.

No. 33071.

St. Louis Court of Appeals.

Missouri.

June 14, 1968.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 4, 1968.

Application to Transfer Denied Oct. 14, 1968.

Eugene V. Krell, St. Louis, E. A. Stierberger, Union, for plaintiff-appellant.

Thomas J. Briegel, Union, for defendants-respondents.

BRADY, Commissioner.

Plaintiff brought an action upon a promissory note secured by a chattel mortgage in which it sought $926.25 plus an attorney fee, interest, and cost resulting from a deficiency due upon the note after repossession and sale of the automobile which was security therefor. Plaintiff received judgment for $1,136.53 in magistrate court. Upon appeal to the circuit court a jury trial resulted in a verdict in defendants' favor.

In its brief plaintiff attempts to urge several allegations of prejudicial error which we hold not properly before us. One of these is as to the submission of Instruction No. 6. However, a reference to the motion for new trial discloses that such an allegation is not contained therein nor were plaintiff's objections thereto specifically stated when the instruction was offered and it is not preserved for our re-

view. Another is the attempt by plaintiff to present an allegation of error going to the trial court's action in, to quote from the brief, " * * * Excluding Evidence of Business Records Under Testimony of Roy Blake as to Office Routine in Behalf of Corporate Plaintiff, * * *." There is no allegation in the motion for new trial specifically raising this contention. The only allegation in the motion for new trial that could possibly bear on that matter is that found in Paragraph 2 of the motion which reads: "Because the Court erred in excluding competent, relevant and material evidence offered by the plaintiff." This allegation of error is insufficient to preserve anything for our review. Bartner v. Darst, Mo., 285 S.W. 449; Mo.Digest, New Trial, It is true this court has held such a specification in a motion for new trial a sufficient allegation of error as to the admission of evidence when during the trial the party so contending has made his objection to the admission of such evidence in compliance with the rule as to definiteness. See Taylor v. Schneider, Mo.App., 370 S.W.2d 725. However, the allegation of error found in the motion for new trial in the instant case cannot go to the exclusion of these business records for the transcript discloses that while the trial court first denied admission of Exhibits 1 through 5, stating that further proof need be made, it did in fact later admit such evidence. Yet that is the only reference to the exclusion of evidence found in the "Statement of Facts" portion of plaintiff's brief. There is no page citation or other statement in plaintiff's brief to notify the trial court or this court with the required degree of definiteness of any other evidence it contends was improperly excluded. This allegation of error presents nothing for our ruling.

The only allegation of error which we hold properly presented for our ruling deals with the trial court's action in permitting defendant to offer evidence to substantiate the defense of non est factum. In connection therewith we note that even this issue can be said to be properly before this court only if we give plaintiff's motion for new trial a most liberal reading.

Those facts that bear upon the determination of the issue properly submitted in this appeal show that in the magistrate court action plaintiff alleged defendants "duly executed" the promissory note involved; that this note was for valuable consideration assigned to plaintiff; and that there was due and owing on said note the sum of $926.25. In that portion of their answer pertinent to the issues for determination defendants specifically denied executing the note or the chattel mortgage. However, defendants' answer was not verified, neither is there any indication in the record defendants denied the execution of this note on oath before the magistrate prior to trial nor supported the denial by an affidavit filed with the magistrate.

During the testimony offered by defendants, their son, Lester Isgriggs, was called to the stand. Inquiry was made of Lester as to whether his mother and father went to the motor company from which the automobile was purchased or to the office of plaintiff, and he testified they did not. He further testified that he did not recognize either of the signatures on the chattel mortgage and note as being that of his mother and father and that his mother could not read or write and never signed her name except by an X. He also testified that no one was with him when he signed the papers and he was the only one that signed. Plaintiff made no objection to any of such inquiries. In addition, when Lester was being cross-examined by plaintiff's counsel, he was asked whether he could recognize his father's signature and stated he could not. The defendant Susie Isgriggs was placed on the stand as part of defendants' evidence and when asked if it was her signature that appeared on the note and chattel mortgage stated she couldn't write; never tried to write out her name in longhand; and that she had never been to plaintiff's office nor to

the automobile company from which Lester purchased the automobile. Again there was no objection to such inquiries. The defendant Fred Isgriggs testified he never owned the automobile involved; that he had never purchased such automobile; and that he never signed the note and chattel mortgage. All of the above inquiries were made without objection from the plaintiff. When Fred Isgriggs was cross-examined, plaintiff's counsel asked him if he signed the note and chattel mortgage. The answer was he did not.

■ As will later appear plaintiff contends it preserved its point as to defendants' inability to raise the defense of non est factum in the circuit court by objecting to the introduction of such evidence during a conference counsel had with the court out of the hearing of the jury. Reference to the transcript discloses this concerned certain interrogatories and whether or not plaintiff could call to the stand one Ruth Burgdorf who was stated to have been an employee of the O'Shea Motors when this transaction allegedly took place. The issue counsel were discussing with the court was whether or not this witness should be allowed to testify in view of certain interrogatories proposed and answers made. It should be kept in mind that plaintiff was offering a witness and defendants' counsel was objecting to her testifying. In the course of that discussion between counsel the following occurred. Defendants' counsel stated: "Your Honor, further in this contention, I would like to point out that interrogatory was directed on the 20th. It was answered sometime last week or the first part of this week, whatever date it was. That in magistrate court when this was being tried one of the few questions at all that was asked in any type of defense was what become of Tom O'Shea Motors. And at that time whoever was here testifying in magistrate court stated that they had quit doing business with them because of the fraudulent practices and they testified that the Attorney General had forfeited their char-

ter to do business in the State of Missouri—MR. STIERBERGER: I'm going to object to this line of arguing—THE COURT: Wait, let him finish. MR. BRIEGEL: Now they are going to come up and try to show they are a holder in due course. Now, I don't know whether they have proved this yet but if this lady is going to testify—certainly if somebody had been around— and it would have been a reasonable assumption based on those answers in magistrate court, that Tom O'Shea Motor Company were completely out, then when I asked for those interrogatories on July 20th, of who had any knowledge of this, and no one else was listed I think it was unfair and it would be prejudicial to the rights of these defendants to permit anyone else to testify here today. MR. STIERBERGER: Your Honor, I'm going to object to this line of argument, that went on in magistrate court, since this is a trial de novo in circuit court."

Instruction No. 3 requested by the plaintiff was given by the trial court. Therein the jury was informed their verdict must be for plaintiff if they believed "First: that the defendants did theirselves write the signatures which appear on the note introduced in evidence." Defendants requested Instruction No. 5 which was given and which informed the jury their verdict must be for defendants if they believed defendants " * * * did not theirself write the signatures which appear on the note introduced into evidence."

Plaintiff's contention is it did not have to prove defendants signed the note as that issue was conclusive and binding upon defendants because the allegation of their answer denying the execution thereof was not sworn to or verified or substantiated by affidavit as required by § 517.310, RSMo 1959, V.A.M.S., and it was therefore error to admit defendants' evidence going to that issue and to give defendants' offered Instruction No. 5. In its pertinent parts that statute provides that in any suit founded upon any instrument of writing purported to have been executed by the opposite party

where that writing or a verified copy thereof is filed with the magistrate, such instrument shall be received in evidence upon trial " * * * unless the party charged to have executed the same, before the jury is sworn or the trial submitted to the magistrate, shall deny the execution thereof, on oath, taken before some magistrate, or by an affidavit filed with the magistrate, and taken before any court or officer authorized to administer oaths." Those interested in this issue should compare that section with the provisions of § 509.240, RSMo 1959, V.A.M.S., dealing with the same subject in circuit court practice. Cases which might be of interest in determining this issue on the merits are Klein v. Keyes, 17 Mo. 326; Hickman v. Kunkle, 27 Mo. 401; Simon v. Ryan, 101 Mo.App. 16, 73 S.W. 353; and Sumner Exchange Bank v. Miller, 222 Mo.App. 1078, 13 S.W. 2d 1102. References may also be made to Hinniger v. Trax, 67 Mo.App. 521; Wiltshire v. Triplett, 71 Mo.App. 332; and Naylor v. Chinn, 82 Mo.App. 160; cases which by analogy would seem to have some bearing thereon.

■ We do not reach the merits of this issue for the simple reason plaintiff has not preserved it for our ruling. Plaintiff cites a case very similar upon the facts which rules upon this specific issue and compels determination of this point against it. In Muller v. Mutual Ben. Health & Accident Assn., 228 Mo.App. 492, 68 S.W.2d 873, defendant contended plaintiff's unverified amended reply was insufficient to tender the issue of non est factum. In that case at l. c. 881 the court pointed out the cause there involved proceeded throughout the trial upon the theory the amended reply even though unverified was sufficient to tender the issue. In the Muller case the plaintiff made no objection during the trial as to the sufficiency of defendant's pleading because it was unverified. In addition, there was no objection to any evidence going to that issue and that issue was not covered in the motion for new

trial. The court held that under such circumstances it was too late to raise that issue for the first time on appeal. The same is true in the instant appeal. There was no objection to proceeding to trial upon the issues made up by the pleadings including defendants' unverified answer. As stated earlier herein, plaintiff not only failed to make objections when defendants offered testimony as to whether or not they did in fact sign this note or chattel mortgage but also by cross-examination inquired into that issue itself. In addition, as shown by that portion of Instruction No. 3, the verdict directing instruction requested by plaintiff, that issue was in fact submitted at plaintiff's request to the jury. It is obvious from a comparison of the wording of Instruction No. 3 with Instruction No. 5 that the latter, requested by defendants, was a converse of that issue as set forth by plaintiff in his verdict directing instruction.

That portion of the transcript set out earlier herein dealing with the colloquy between counsel and the court out of the hearing of the jury as to the effect of certain interrogatories as bearing upon the admission of the testimony of Ruth Burgdorf is cited in plaintiff's brief as showing it did in fact object to the defense of non est factum. As shown by that portion of the transcript set out in full the defense of non est factum was not what plaintiff was then objecting to and in fact took place when plaintiff, not defendants, was offering a witness.

We hold plaintiff has failed to preserve the issue defendants were precluded from presenting in the circuit court the defense of non est factum due to the nature of their pleading of that issue in the magistrate court. Plaintiff failed to object to evidence going to that issue when offered in the circuit court and in fact repeatedly inquired into that same issue upon cross-examination. Plaintiff in fact submitted that very issue in its verdict directing instruction. Under such circumstances it has

waived any error, if any in fact did occur, with reference to the defense of non est factum.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of this court. The judgment is affirmed.

ANDERSON, P. J., WOLFE, J., and JACK A. POWELL, Special Judge, concur.